FAUCHER *v.* GROSSE ILE TOWNSHIP BUILDING INSPECTOR.

1. MANDAMUS—BUILDING PERMIT—ABUSE OF DISCRETION—ZONING AUTHORITIES.
   A writ of mandamus may issue to compel zoning authorities to issue a building permit, where the refusal of issuance of such permit constitutes an abuse of discretion.

2. TOWNSHIPS—ZONING ORDINANCE—SETBACK LINES—CORNER LOT.
   Although a corner lot and the one next to it were owned by the same person at time of adoption of township zoning ordinance

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 34 Am. Jur., Mandamus, § 188.
[2, 3, 5, 6] 58 Am. Jur., Zoning, §§ 139, 140, 194, 201.
[2, 3, 5, 6] Variations in application of zoning regulations and special exceptions thereto, construction and application of provisions relating to.   168 A.L.R. 13.
[2, 3, 6] 58 Am. Jur., Zoning, § 51.
[4] 58 Am. Jur., Zoning, §§ 21, 22.

imposing 40' setback lines, where ordinance provided for erection of building on a lot as a single parcel of land, and defined a lot of record as a parcel of land the dimensions of which are shown on document or map on file with the register of deeds or in common use by local officials and which actually exists as so shown, it was not requisite that parties purchasing corner lot also purchase the adjacent one in order to erect a practicable building, especially in view of provisions permitting board of appeals to authorize variances in side-yard requirements to permit utilization of the lot (Grosse Ile Township Zoning Ordinance, §§ 506, 905.1, 905.4, 906.33, art. 9).

**3. SAME—ZONING ORDINANCE—SETBACK LINES—CORNER LOTS.**

Where corner lot 58.2' x 299.1' in plat recorded in 1920 was subjected in 1936 to zoning ordinance imposing 40' setback lines and 6' side-yard lines, application of such requirements to such lot *held,* unreasonable, discriminatory and confiscatory of rights of plaintiffs who purchased such lot in 1945 after title had been reacquired from State land office board by former owner (Grosse Ile Township Zoning Ordinance, §§ 506, 905.1, 905.4, 906.33, art. 9).

**4. SAME—REASONABLENESS OF ZONING ORDINANCE.**

In determining the reasonableness of a zoning ordinance, each case must be determined upon its own facts.

**5. SAME—ZONING ORDINANCE—UNDUE HARDSHIP—BOARD OF APPEALS—VARIANCE—MANDAMUS.**

Under an "undue hardship" provision of township zoning ordinance the board of appeals not only has the power but also the duty to authorize such variances from requirements as may be necessary to permit the utilization of lots affected, and a writ of mandamus may issue to compel performance of such duty (Grosse Ile Township Zoning Ordinance, §§ 506, 905.1, 905.4, 906.33, art. 9).

**6. SAME—ZONING. ORDINANCE—SETBACK RESTRICTIONS—UNDUE HARDSHIP.**

Where plaintiffs' corner lot was 58.2' wide and subsequently-enacted township zoning ordinance imposed side-yard setback lines of 6' and front yard setback lines of 40', it was unreasonable because of undue hardship to refuse application for building permit for revised plans wherein it was contemplated setting house back 25' on side street (Grosse Ile Township Zoning Ordinance, §§ 506, 905.1, 905.4, 906.33, art. 9).

7. COSTS—PUBLIC QUESTION—TOWNSHIP ZONING ORDINANCE—AP-
PLICATION OF UNDUE HARDSHIP PROVISION.

> No costs are allowed in suit involving application of undue hard-
> ship provision of township zoning ordinance, a public question
> being involved (Grosse Ile Township Zoning Ordinance, §§ 506,
> 905.1, 905.4, 906.33, art. 9).

Appeal from Wayne; Callender (Sherman D.), J.
Submitted April 13, 1948.    (Calendar No. 43,737.)
Decided May 18, 1948.

Mandamus by Gregory A. Faucher and wife
against Christopher C. Sherwood, building inspector
for the township of Grosse Ile, and others to compel
issuance of building permit.    Writ denied.    Plain-
tiffs appeal in nature of certiorari.    Reversed and
remanded.

*Guiney & Guiney,* for plaintiffs.

*Beaumont, Smith & Harris,* for defendants.

BUTZEL, J.    Plaintiffs, as owners of lot 27, Golf
View Estates, a subdivision of part of private claims
551 and 555 in Grosse Ile township, the plat of which
is recorded in liber 42, page 87 of plats, Wayne coun-
ty records, applied to the building inspector for the
township of Grosse Ile for a permit to build a home
on the lot.    The application was denied for the rea-
son that the plans of the contemplated house did not
conform to the requirements of a zoning ordinance
of the township in the respects pointed out below.
Plaintiffs appealed the decision of the building in-
spector to the township zoning board of appeals, who
upheld the building inspector.    Thereupon plaintiffs
filed a petition for a writ of mandamus in the circuit
court for the county of Wayne to compel the build-
ing inspector, the board of appeals, and the township
itself to issue the permit.    Plaintiffs claim that the

zoning ordinance is unreasonable, arbitrary, discriminatory and confiscatory as to plaintiffs' rights and that, if it is legal, it destroys the value of their property though not releasing it from liability for taxes. They also attack the ordinance on other constitutional grounds.

The plat of the subdivision, recorded September 9, 1920, shows that lot 27 is situated at the southeast corner of Golf View boulevard (also called Thoroughfare road in the record) and Church road. Golf View boulevard is 75 feet wide and Church road is 66 feet wide. Lot 27 has a frontage of 58.2 feet on Golf View boulevard and of 299.1 feet on Church road. On the east, the lot abuts on what is designated on the plat as "Thoroughfare."

The zoning ordinance in question was adopted by Grosse Ile township on June 12, 1936. Plaintiffs make no claim as to irregularity of the proceedings leading to its adoption. At that time, lot 27 and lot 28, which adjoins lot 27 on the south, were owned by Elizabeth V. Welch. The State of Michigan acquired title to them through tax deeds on November 29, 1939. On November 9, 1945, Elizabeth V. Welch reacquired title to lot 27 by conveyance from the State land office board, and three weeks later she conveyed it, by warranty deed, to Gregory A. Faucher and Vermelda Faucher, plaintiffs herein.

The zoning ordinance requires that, in district "A" in which this lot is situated, houses must be set back 40 feet from the front and side street lines of a corner lot. It further provides that no house may be built within 6 feet of the line that divides adjoining lots. Plaintiffs' lot being 58.2 feet wide, it is obvious that if plaintiffs are obliged to leave 40 feet vacant on the Church road side of their property and 6 feet vacant on the side which adjoins the lot on the south, they have only 12.2 feet left on which to build. The plans submitted by plaintiffs with their application

for a permit provided for a house fronting on Church road which would be set back 14 feet in front and 6 feet in the rear, the proposed house being 38 feet deep. After the proofs had been taken by the court below, the judge continued the matter for three weeks to give the appeal board another opportunity to consider the application. A rehearing was held by the board at which plaintiffs submitted a revised plan for the contemplated house under which the front of it would be set back 25 feet from the Church road line. The application for the permit was again denied. At the oral argument before this Court, plaintiffs' counsel stated that his clients would be content with a permit to build with such a set-back of 25 feet from Church road.

The trial judge held that the defendants were guilty of an abuse of discretion in refusing to issue the permit, and that if this were a proceeding in chancery, he would have no hesitancy in granting the relief prayed for by plaintiffs. He, however, held in effect that the court could not compel the zoning authorities to issue the permit by its writ of mandamus. In so holding, the court was in error. See *Senefsky* v. *City of Huntington Woods,* 307 Mich. 728 (149 A.L.R. 1433) ; *Frischkorn Construction Co.* v. *Redford Township Building Inspector,* 315 Mich. 556.

The pertinent provisions of the ordinance are as follows:

"Art. 9.  *  *  *  In order that neighboring properties shall not be deprived of their rightful enjoyment of light and air by the undue proximity of buildings to lot lines and to one another; and in order that the view of the street shall not be obstructed, or the privacy and peace of residences destroyed by too great proximity thereto; and in order generally to preserve a degree of openness around buildings appropriate to the dominant residential character of

the community, the following yards shall be observed on any lot on which a building is hereafter erected, moved, enlarged, or otherwise established or materially altered.  *  *  *

"Sec. 905.1.  *  *  *  There shall be on every lot a front yard, the depth of which, except as provided below, shall be not less than

Forty feet in an (A) district.  *  *  *

"Sec. 905.4.  *  *  *  Wherever the front yard depth required by section 905.1  *  *  *  on a lot of record at the time of passage of this ordinance is equal to more than one-third of the depth of such lot, or where such requirement would operate to reduce the buildable width of any corner lot to less than two-thirds of its width, or in general wherever the operation of the requirements of section 905.1  *  *  * would tend to cause unusual difficulty in the utilization of any lot for the purposes otherwise permitted by this ordinance, the board of appeals may grant such reduction or variance in the front yard requirements, temporarily or permanently, as it may consider necessary to secure a just and equitable use of the lot or lots in question.  *  *  *

"Sec. 906.4.  *  *  *  On a corner lot the width of the exterior side yard shall be governed by the provisions for front yards as set forth in section 905, and the exterior side lot line shall be considered as a front lot line in measuring the depth of yard thus required.  However, the provisions of section 906.33 shall apply to exterior side yards in appropriate cases.  *  *  *

"Sec. 906.33.  *  *  *  Wherever the width of a lot of record at the time of passage of this ordinance is such that the full observance of the side yards required herein would reduce the buildable width to a point making impossible the erection thereon of a practicable building, the board of appeals may authorize such variances in the side yard requirements as may be necessary to permit the utilization of such lot in a manner in keeping with the character of the district in which located."

The main reasons ascribed by defendants for refusing to issue the permit is that when plaintiffs purchased lot 27, they did so with notice of and subject to the zoning ordinance, that in previous years before the purchase by plaintiffs, lots 27 and 28 had both been owned by the same person, and that this was true when the zoning ordinance was adopted. They further contend that plaintiffs should have purchased the two lots, though the record does not disclose that plaintiffs were in a position to do so or had an opportunity to buy both lots. Our attention is not called to any provision in the ordinance requiring one to acquire two lots in order to build. The ordinance provides for building on a lot, not on lots. It defines a *lot* as a single parcel of land and a *lot of record* as follows:

"Section 506. * * * A lot of record is a parcel of land, the dimensions of which are shown on a document or map on file with the register of deeds or in common use by township or county officials, and which actually exists as so shown," et cetera.

As to the contention that plaintiffs purchased with notice of and subject to the restrictions contained in the ordinance, defendants' argument presupposes that the ordinance is valid and reasonable with respect to lot 27. We are of the opinion that, with respect to the manner in which the ordinance is being enforced as to lot 27, it is unreasonable, discriminatory and confiscatory of the rights of the plaintiffs as the owners thereof, and consequently illegal.

"A zoning ordinance must be reasonable, and its reasonableness becomes the test of its legality." *Frischkorn Construction Co.* v. *Redford Township Building Inspector, supra.*

Plaintiffs' situation clearly presents a case which the drafters of the ordinance had in mind when they drafted sections 905.4 and 906.33. It is quite evident

that these sections were intended to cover cases such as the present one where the ordinance creates undue hardship. Under these provisions, the board of appeals has not only the power, but also the duty, to "authorize such variances * * * as may be necessary to permit the utilization" of lots affected. Their refusal in the instant case to issue a building permit upon the revised plans submitted by plaintiffs was unreasonable and arbitrary. Mandamus may issue to compel them to perform their duty.

The order of the trial court denying the writ is reversed, but without costs in either court, a public question being involved. The case is remanded to the circuit court with instructions to issue a writ of mandamus commanding the defendants to issue the permit for building in accordance with the revised plan, unless such permit shall be issued within 10 days after the filing of this opinion.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.