[Civ. No. 19891. First Dist., Div. Three. May 16, 1962.]

FENMORE G. HOSHOUR et al., Plaintiffs and Respondents, v. COUNTY OF CONTRA COSTA et al., Defendants and Appellants.

---

John A. Nejedly, District Attorney, John B. Clausen, Assistant District Attorney, and Robert H. Betzenderfer, Deputy District Attorney, for Defendants and Appellants.

Shirley, Saroyan, Cartwright & Peterson and Robert E. Cartwright for Plaintiffs and Respondents.

DEVINE, J.—Plaintiffs, the respondents, own a piece of land in Kensington, Contra Costa County. The lot has been surveyed, mapped and recorded, and placed on the tax roll since 1911. Plaintiffs purchased the property in 1954. At some time prior thereto, the property had been zoned residential, and certain set-back ordinances had been enacted. The lot is triangular and is at the gore of two streets, namely, Arlington Avenue and Ardmore Road.

The county has established set-back lines on all sides of the triangle, and the result of this trilateral compression has been to reduce the "useful" area to about 10 square feet, a surface adapted to nothing more than a large size doll house. There was uncontradicted testimony before the superior court, by a designer of homes, that if certain variances in the set-back

lines were permitted, as proposed in the application for variance, an attractive and livable two-story residence could be constructed. In the application for variance, plaintiffs placed a plus or minus sign next to each proposed variance, in order to indicate that if the precise variance desired were not granted, they would request something approximate thereto.

Plaintiffs applied to the Board of Adjustments of Contra Costa County for variance to the set-back lines. The board of adjustments denied the application, and plaintiffs appealed to the board of supervisors, which referred the matter to the planning commission, which recommended approval of the variance. Thereupon, the board of supervisors granted and conducted a public hearing, denied the application by a vote of three to two, and later by unanimous vote of five denied a request for rehearing. By this time plaintiffs were deprived of any beneficial use of their property, since it was zoned for residential use only, and construction of a residence was effectively prohibited by the set-back ordinances. Nothing was left to them but bare ownership and the burden of taxation.

The next step taken by plaintiffs was the filing of a petition for writ of mandate to compel the board of supervisors to grant plaintiffs' application for variance. To this, defendants demurred, and the demurrer was sustained without leave to amend. It is not clear from the record before us whether or not a judgment was entered for defendants. The fact that notice of appeal was filed may be an indication that judgment had been so rendered.

Plaintiffs then filed the present action for declaratory relief and for mandatory injunction. They asked that the court declare that the set-back ordinances are unconstitutional as applied to their land, and that the court issue a mandatory injunction requiring those defendants who are county officials to issue a building permit without the necessity of plaintiffs' having first obtained a variance from the set-back ordinance. To this present action defendants demurred, upon the ground that each of the two causes of action stated in the complaint does not state facts sufficient to constitute a cause of action, and that the action should be abated upon the ground that there is another action pending, namely, the proceeding for writ of mandate. The demurrer was overruled, including the pleading in abatement.

The plea of abatement is referred to but incidentally in the briefs, and is not in itself made a separate point on appeal by appellants; and, although one of the reasons given by the

board of supervisors in its resolution denying the variances was that the proposed building would not conform with a minimum lot size of 6,000 square feet for single-family residences, this subject also has been ignored by appellants at the time of the trial and on this appeal.

At the trial, testimony was given by Mr. Walling, a designer of homes, about the house he had designed for construction if the variances were granted, and about other variances that had been allowed in the neighborhood, which showed that of 40 lots within the area only 22½ per cent conformed to the ordinances.

At this point we interrupt the recitation of facts, because it seems more orderly to state the rest of the facts under the several points made by appellants.

*Appellants' Contention I: That Plaintiffs' Remedy Was Limited to Application for Writ of Mandate Under Section 1094.5 of the Code of Civil Procedure*

 Appellants state their first contention this way in their brief: "Declaratory relief to test the constitutionality of a zoning ordinance is not available until the question of abuse of discretion has been tested by a writ of mandamus." They refer to the writ of mandate as used for administrative review under section 1094.5 of the Code of Civil Procedure, and not to the writ of mandate as used for other purposes under section 1085 of the same code. Appellants cite as authority for this proposition *Livingston Rock etc. Co.* v. *County of Los Angeles,* 43 Cal.2d 121 [272 P.2d 4]; *Hostetter* v. *Alderson,* 38 Cal.2d 499 [241 P.2d 230]; *Triangle Ranch, Inc.* v. *Union Oil Co.,* 135 Cal.App.2d 428 [287 P.2d 537]; *Floresta, Inc.* v. *City Council,* 190 Cal.App.2d 599 [12 Cal. Rptr. 182].

However, if we assume that procedure under section 1094.5 would have been the appropriate remedy, we do not find this point of appellants available to them on appeal because it was not raised at the trial. The parties to an action over which the court has general jurisdiction cannot be heard to claim lack of power to try a particular issue after they have consented to a trial thereof and have participated in the same. (*Munns* v. *Stenman,* 152 Cal.App.2d 543, 557, 558 [314 P.2d 67]; 1 Witkin, California Procedure, § 123, p. 387; § 148(b), p. 412.) In the *Munns* case, *supra,* at page 557, it was held that, assuming there was a jurisdictional defect in the failure to apply for relief under section 1094.5 and in having a trial

de novo, the defect was waived when the city attorney opened the case by inviting a view of the premises by the judge and the taking of evidence at that place. ■■■ In the case before us, the consent or estoppel to question appropriateness of the remedy sought by plaintiffs is shown by the following recital of acts and omissions of the respective parties: (1) Although appellants filed a general demurrer to each of the two causes of action, in the points and authorities filed in support thereof nothing whatever is said about this matter, which constitutes their first point on appeal. The cases upon which they now rely were not cited, nor were any other authorities cited for the same proposition. The entire attack upon the complaint had to do with their second point on appeal and with the plea in abatement, both of which are discussed below. (2) In their pretrial statement, appellants give a clear account of several elements which they deemed to be issues in the case (some of which are not elements of this appeal), but they do not refer therein to the need, as now claimed, of resort to section 1094.5. Nowhere in their answer do they make such a reference. In the very brief pretrial order, made by another judge than the one who tried the case, no reference is made to claimed inappropriateness of the remedy sought by plaintiffs, and there is no showing that appellants sought any amplification or modification of the pretrial order. (3) At the trial, testimony was produced by plaintiffs and, in addition, maps, photographs, colored slides and a model of the proposed house were presented in evidence by plaintiffs, and no objection was made at any time on the ground of inappropriateness of the remedy. (4) Motion for nonsuit was made by appellants, but in the motion nothing was said about inappropriateness of the remedy. (5) At one point during the trial, the judge was interested in knowing what had become of the prior action for writ of mandate. (The record does not show the nature of this former suit, whether it was a petition under section 1085 or under section 1094.5 of the Code of Civil Procedure, and we disregard references made in the briefs as unsupported by the record.) Counsel for plaintiffs stated to the court that in the argument on the demurrer to the petition for writ of mandate, appellants had insisted that plaintiffs' proper remedy was by declaratory relief. In the present trial, counsel for appellants made no reply to this statement of plaintiffs' counsel, and we regard this as another element of consent or estoppel. (6) Defendants offered no evidence or testimony at all, except testimony

elicited from Mr. Walling, to the effect that variances slightly different from those which had been proposed would have been acceptable (the point of this appears below under the heading Appellants' Contention II). (7) The argument, although it was not extensive, was confined solely to appellants' point II, and the inappropriateness of remedy was not mentioned. (8) Appellants made no offer to present the record of proceedings before the board of supervisors. (9) In the carefully reasoned opinion of the trial judge there is no reference to this subject, but only to appellants' contention II, below, and we are convinced that, from the thorough analysis given by the judge in the opinion, he would have made reference to it had there been any indication that it was a point in the case.

A review of every feature of the case, as it was presented in the trial court, demonstrates that the court and the parties tried the case without reference to appellants' point I on appeal.

*Appellants' Contention II: That Respondents Failed to Exhaust Their Administrative Remedies*

Appellants' point here is this: that the application for the variance was limited to specifically measured differences from the set-back lines, and that the notice of hearing and the hearing by the board of supervisors were limited to the particular variance sought. Appellants say that, although these particular variances were rejected by the board of supervisors, there is no showing that other variances would not have been allowed, and that if plaintiffs "wanted the Board to grant *some* or *any* variance they should have said so." If, by this, appellants mean that other specific variances must have been requested, we believe the trial judge has given an apt answer in his opinion, as follows: "Under this contention no resort could be had to the courts until all possible variances which the ingenuity of man could conjure have been submitted and refused. Without such a determination it could not be said that the administrative remedies have been exhausted no matter how many multiple or successive petitions might be filed. It could always be urged, as here, that each denial is only a denial of that specific variance." If, on the other hand, plaintiffs had gone before the board with vague references to "some" or "any" variance, no doubt they would have been dismissed summarily as having put forth no intelligent plan. Again, to quote Honorable Homer W.

Patterson, the trial judge: "The only problem here is a setback line and minimum area and it would be very easy for the Administrative Board to designate the lines which would be acceptable and common sense would seem to dictate that it do this rather than to make a guessing game out of the procedure. It would appear to be unreasonable to neither grant the variance as requested or upon such terms as the authorities may prescribe."

Appellants state that the board would not have had jurisdiction to have granted any other variances than those requested, because the notice of hearing, under the ordinance, referred only to those variances. This may well be the case as to substantially larger variances than those applied for, although the plus and minus signs in the application might permit of some deviation, but it cannot be said that plaintiffs failed to exhaust their administrative remedies by not applying for a greater variance when a lesser one had been denied. On the other hand, since the greater includes the less (Civ. Code, § 3536), we believe that the board would have had the power to grant some lesser variance. Actually, as it appeared from the testimony of Mr. Walling, the variances asked for were very close to the minimum effective variances for a usable residence. We sustain the finding and conclusion of the trial court that plaintiffs had exhausted their administrative remedies.

### Appellants' Contention III: Constitutionality of the Set-Back Ordinances

Appellants cite some authorities on the general proposition relating to the constitutionality of set-back ordinances under the police power. Plaintiffs do not attack the constitutionality of these ordinances in general, but only as applied to their property, as in *Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267, 270 [148 P.2d 645]. No evidence whatever was presented by appellants at the trial. Confiscation, or virtual confiscation, of lands by zoning cannot be upheld (2 Metzenbaum, Law of Zoning, p. 1364 et seq.). Virtual confiscation occurs when set-back ordinances applying to a corner lot reduce the theoretically usable surface to an absurdly small size (*Faucher* v. *Sherwood*, 321 Mich. 193 [32 N.W.2d 440]).

Judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.