## CHEVRON OIL COMPANY ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF SHELTON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and MACDONALD, Js.

Argued November 13, 1975—decision released January 27, 1976

*William J. Curran,* corporation counsel, for the appellant (defendant).

*Daniel D. McDonald,* for the appellees (plaintiffs).

BOGDANSKI, J. In 1970, the plaintiff Sidney F. Brown, Inc. (hereinafter Brown), purchased a parcel of land having an area of 24,516 square feet, located at the intersection of Long Hill Avenue and River Road in Shelton. The property was located in an R-3 residential zone, but at Brown's request, the location was changed to a CB-2 business zone, in which a gasoline service station is a permitted use. In 1972, Brown leased the land to the plaintiff Chevron Oil Company.

The Brown property is bounded on the west by a narrow triangular-shaped parcel of land which is still zoned R-3, but which, because of its size, shape, and topography, cannot be used for residential building purposes. The Shelton zoning ordinance requires that any building in a business zone be set back forty feet from the boundary of a residence zone. The application of that setback requirement

to the Brown property, when taken in conjunction with front yard and side yard setback requirements, would restrict its usable area to only 3600 square feet.

On January 30, 1973, Chevron filed an application with the defendant board of zoning appeals for a variance of the setback regulation from forty to twenty feet, and for certificates of approval for a gasoline station and for a limited repairer's license. The board denied the application for the reasons that "the required variance in the setback line would not be in harmony with the purpose and intent of the ordinance"; that "such hardship as exists is of the applicant's own making, inasmuch as he requested a zone change which now does not permit him to use the property as he now desires"; and that "the property could be used for a permitted use without variance."

The plaintiffs appealed that decision to the Court of Common Pleas. That court, upon reviewing the record and the testimony presented to it, concluded that the reasons given by the board in denying the application lacked support in the record; that the application of the forty-foot setback regulation to the Brown property would be tantamount to confiscation; and that the action of the board in denying the application was arbitrary, illegal, and in abuse of its discretion. The court then directed the board to grant the variance and the certificates of approval. After our grant of certification, the defendant took the present appeal, claiming that the court erred in reaching its conclusions and in ordering the relief that it did.[1]

---

[1] The court made a limited finding with respect to testimony presented to it. The defendant has assigned error in the court's failure to find certain facts set forth in the draft finding. The facts sought

In testing the court's conclusions, we review the facts in the record on which they are based. *Housatonic Terminal Corporation* v. *Planning & Zoning Board,* 168 Conn. 304, 305, 362 A.2d 1375; *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 186, 355 A.2d 91. The record considered by us is the one submitted pursuant to § 647 of the Practice Book, as supplemented by portions of the record before the board which the parties deem to be of sufficient materiality to print in the appendices to their briefs. *Housatonic Terminal Corporation* v. *Planning & Zoning Board,* supra; *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 400, 225 A.2d 637.

The defendant first claims that the court erred in concluding that the record does not support the board's determination that the variance would not be in harmony with the purpose and intent of the ordinance.[2] In testing that conclusion, we note that although the defendant's appendix contains a statement made by the chairwoman of the board stating that the purpose of the forty-foot setback is to pro-

have not been shown to be admitted or undisputed, and the defendant has not shown how the court's conclusions would be affected by their inclusion. See Practice Book § 628; *Schomer* v. *Shilepsky,* 169 Conn. 186, 188 n.1, 363 A.2d 128.

[2] Section 8-6 of the General Statutes discloses the relevant circumstances to be taken into consideration by a zoning board of appeals when passing on an application for a variance. It provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship . . . ."

vide a buffer strip between a commercial and residential zone, the appendix is silent as to how that purpose would be frustrated by the granting of the present variance. On the other hand, the plaintiffs' appendix contains evidence indicating that the triangular-shaped property which bounded the Brown property on the west was too small to be used for any residential purposes, and that there would always be a buffer strip of over forty feet between the Brown property and the nearest residence even if the variance were granted. Since there is an absence of any evidence calling for a conclusion contrary to that reached by the court, that conclusion must stand. *Parcesepe* v. *Zoning Board of Appeals,* 154 Conn. 46, 47, 221 A.2d 270.

The defendant next contends that the court erred in concluding that the board's determination that the hardship was self-inflicted was unsupported. Although the property was rezoned from R-3 to CB-2 at Brown's request in 1970, that is no reason to treat that land differently from other land similarly zoned and situated. The regulations permit the use of 35 percent of the area of any lot in a CB-2 zone. The application of the setback regulation to the Brown property, because of its location and shape, would restrict its use to less than 15 percent of its area. That restriction would apply to any permitted use of the property. The hardship here does not result from Brown's successful request to change the zone in 1970; instead, it is solely caused by the application of the setback regulation to the unusually shaped subject property. Cf. *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 303 A.2d 743; *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 232 A.2d 922. The trial court's conclusion in this regard cannot be disturbed.

The defendant next argues that the court erred in concluding that the setback regulation, as applied to the subject parcel, was tantamount to confiscation. Zoning regulations, so far as they reasonably promote the public health, safety and welfare, are constitutional even though their effect may be to limit the exercise of private property rights. *Poneleit* v. *Dudas*, 141 Conn. 413, 417–18, 106 A.2d 479. An ordinance which permanently restricts the use of land for *any* reasonable purpose, however, goes beyond permissible regulation and amounts to "practical confiscation." *Brecciaroli* v. *Commissioner of Environmental Protection*, 168 Conn. 349, 355, 362 A.2d 948; *Bartlett* v. *Zoning Commission*, 161 Conn. 24, 31, 282 A.2d 907; *Horwitz* v. *Waterford*, 151 Conn. 320, 324, 197 A.2d 636; *Dooley* v. *Town Plan & Zoning Commission*, 151 Conn. 304, 311–12, 197 A.2d 770. "Short of regulation which finally restricts the use of property for any reasonable purpose resulting in a 'practical confiscation,' the determination of whether a taking has occurred must be made on the facts of each case with consideration being given not only to the degree of diminution in the value of the land but also to the nature and degree of public harm to be prevented and to the alternatives available to the landowner." *Brecciaroli* v. *Commissioner of Environmental Protection*, supra, 356; *Horwitz* v. *Waterford*, supra, 323–24. "The financial effect on a particular owner must be balanced against the health, safety and welfare of the community." *Samp Mortar Lake Co.* v. *Town Plan & Zoning Commission*, 155 Conn. 310, 315–16, 231 A.2d 649; *Brecciaroli* v. *Commissioner of Environmental Protection*, supra, 357.

There was no "practical confiscation" in the present case, since a portion of the subject property could be used for some permitted use if the variance were not granted. The application of the setback regulation, however, would appropriate more than 85 percent of the property for the public welfare without payment of compensation. The extent of that deprivation must be considered in light of the evils which the regulation is designed to prevent. As already noted, the plaintiffs presented evidence to show that the buffer zone between business and residential property would be effectively maintained if the variance were granted. Moreover, the trial court concluded that the granting of the variance would not adversely affect the use and value of the residential land sought to be protected by the setback requirement, and the defendant has printed no evidence to refute that conclusion. In considering the "diminution in the value of the land," the "degree of public harm to be prevented," and the "alternatives available to the landowner," the trial court concluded that the application of the setback requirement would be equivalent to confiscation. The record before us presents no circumstances which give us reason to upset that conclusion.[3]

When a zoning board states the reasons for its action, "the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commis-

[3] Other courts have found virtual confiscation to occur where the application of setback regulations reduced the usable area of a lot to an unusually small size. 8 McQuillin, Municipal Corporations (3d Ed.) § 25.138; see, e.g., *Hoshour* v. *Country of Contra Costa*, 203 Cal. App. 2d 602, 21 Cal. Rptr. 714; *Faucher* v. *Sherwood*, 321 Mich. 193, 32 N.W.2d 440; *Richards* v. *Zoning Board of Appeals*, 285 App. Div. 287, 137 N.Y.S.2d 603.

sion is required to apply under the zoning regulations." *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 540, 271 A.2d 105, quoting from *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758. The court should not go behind the official statement of the board. *DeMaria* v. *Planning & Zoning Commission,* supra, 541. Since the court found that the reasons given by the board for the denial of the variance were unsupported, it was warranted in concluding that the action of the board in denying that variance was arbitrary, illegal and in abuse of its discretion.

Generally, when the court finds the action of an administrative agency to be illegal, it should go no further than to sustain the appeal. *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 754, 345 A.2d 9. "For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority." Ibid. When it appears, however, that the zoning authority could reasonably reach only one conclusion, the court may direct the authority to do that which the conclusion requires. Id., 753; *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67. Since the trial court found that the application of the setback regulation to the subject property would be tantamount to confiscation, it necessarily follows that the only reasonable action for the board to have taken would have been to grant the variance. Under those circumstances, the court properly directed that the variance be granted.

The defendant's final claim is that the court improperly ordered the granting of the certificates of approval for a gasoline service station and a

limited repairer's license. Under §§ 14-321 and 14-322 of the General Statutes, the board acts as an agency of the state with authority to pass upon the suitability of the location for the purposes sought. *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 111 A.2d 1. "No such certificate shall be issued unless such . . . board of appeals finds that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." General Statutes § 14-322.

The record discloses that the board considered Chevron's application in its entirety, and that it denied the certificates of approval. The reasons given for the denial of the application, however, related solely to the issue of the variance sought. Since those reasons would not support a denial of the certificates, the trial court correctly sustained the appeal with respect to them. As noted previously, however, the court may order the board to grant the certificates only if there was but a single conclusion which could reasonably be reached. *Bogue* v. *Zoning Board of Appeals,* supra. It cannot substitute its discretion for that of the zoning authority. In its appendix, the defendant has printed testimony to the effect that the building of a gasoline service station in the location described would cause a traffic problem and that it would constitute a hazard to various groups which met at a nearby fire station. It is thus by no means clear that the only reasonable conclusion that the board could

have reached was that the location was suitable for a gasoline station. The trial court erred in directing the board to grant the certificates.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as to the application for certificates of approval for a gasoline station and limited repairer's license, which application is to be returned to the zoning board of appeals for reconsideration in accordance with law.

In this opinion the other judges concurred.