[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of defendant Rocky Hill Board of Zoning Appeals denying plaintiffs' request for a variance.
Plaintiffs Aaron Friedman and Dennis Angel each own a one-half interest in a parcel of real property in Rocky Hill, Connecticut. Plaintiffs acquired the property in 1985. At that time, applicable regulations required a fifty foot rear yard. Twenty feet of the fifty had to be landscaped.
In 1987, the town asked the plaintiffs for a thirty-nine foot drainage easement on the side of the property facing the highway. Plaintiffs' plans for developing the property were in conformity to existing regulations even without the thirty-nine feet. Plaintiffs agreed to give the easement and did not seek compensation therefor.
On February 24, 1989, plaintiffs submitted an application for site plan approval. The plans conformed to existing buffer requirements. On March 23, 1989, while plaintiffs' application was pending, the regulations were amended to require a fifty foot buffer, all of which had to be landscaped. Plaintiffs could not meet this requirement by moving the building closer to the highway, because they had given thirty-nine feet of their frontage for the easement. No longer able to conform their plan to the regulations, plaintiffs submitted a request for a variance based on hardship. Plaintiffs' request was denied, and the present appeal was timely filed. CT Page 832
Plaintiffs are aggrieved as owners of the subject property. General Statutes 8-8.
"The court's function in considering an appeal from a zoning authority is limited to a determination of whether the discretion vested in it." Tazza v. Planning and Zoning Commission of the Town of Westport, 164 Conn. 187, 191, 319 A.2d 393 (1972). "The burden of showing that the board acted without sufficient evidence, illegally or arbitrarily, or in abuse of its discretion [is] on the plaintiffs." Welch v. Zoning Board of Appeals,158 Conn. 208, 216, 257 A.2d 795 (1969).
 General Statutes 8-6 (3) provides the board with authority to grant a variance, if that variance would not substantially affect the comprehensive zoning plan, and the application of the zoning ordinances to the particular parcel of land causes an unusual hardship, unnecessary to implement the general purpose of the zoning plan. Whittaker v. Zoning Board of (1980); Grillo v. Zoning Board of Appeals, 4 board's reasons for denying the variance are examined to determine whether they are reasonably supported by the record and are a relevant basis on which to act on the application. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 152-53, 365 A.2d 387
(1976). If one of the reasons provided by the board is sufficient to support the denial of the variance, the board's decision must be upheld. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49, 484 A.2d 483 (1984).
 Green v. Zoning Board of Appeals, 4 Conn. App. 500, 502, 495 A.2d 290 (1985).
In the notice of decision, the board chairman states that the appeal for the variance was denied for "insufficient hardship. " Record #5. At the public hearing, prior to comments from residents, board member Sheimbob notes that the memo from the town planning staff opines that the hardship is self-imposed, that staff is concerned that a precedent not be set for similar circumstances, and that the applicable regulation is in the process of modification.[1] The reason given for the decision — insufficient hardship — is not reflected in the minutes either in the brief discussion on the appeal nor in that portion of the transcript entitled "Decision." The decision portion in its entirety reads as follows:
MR. FRED VALENTE: Appeal 926 from Aaron CT Page 833 Friedman and Dennis Angel seeking a variance of Section 6.3 a of the Zoning Regulations requiring a fifty foot vegetated buffer for property known as 2009 Silas Deane Highway, lots 3, 4, 4A and 5, zoned commercial.
 MR. LARRY SHIEMBOB: Mr. Chairman, I consider this request similar to that of the Town on Appeal 922. With some modifications, however, I think the fifty foot buffer which is currently in our zoning regulations, should be maintained. And for that reason, I would move to deny the request for variance.
MR. ED AMES: I second that.
CHAIRMAN COELHO: Any discussion.
 MR. MAYNARD: I will also remark again on the same basis that we have a pending zoning modification that could affect this whole thing.
 CHAIRMAN COELHO: Well, that's the reason that I agree. I think that this may be resolved, and I don't know to what degree, but I think that's where it should end up, and if there's no further discussion, we can vote on Larry's motion to deny. All those in favor?
ALL: Ay.
 CHAIRMAN COELHO: Opposed? Denied. Thank you ladies and gentlemen.
The single reference to hardship in the record is the reference to the staff planner's opinion that the hardship is self-imposed. A self-imposed hardship is the result of a landowner's voluntary act. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance; [citations omitted] and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39-40, 438 A.2d 1186 (1982) (citations omitted). Defendant claims that plaintiffs' hardship is self-imposed insofar as it resulted from the "voluntary" act of giving the easement. This court does not agree. Plaintiffs had no problems as a result of granting the easement. They subsequently filed a site plan in full conformity with existing regulations. Plaintiffs' difficulty arose when the regulations were changed — a difficulty created by the application of zoning CT Page 834 regulations to the land.[2] See Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 365 A.2d 387 (1976). Plaintiffs' act in giving the easement was not entirely voluntary. The town could have taken the easement had plaintiffs refused. Even if plaintiffs' granting of the easement were completely voluntary, the "hardship" would not be self-imposed. In Chevron, supra, plaintiff requested a zone change which rendered its property non-conforming, not for all uses, but for the business use plaintiff desired. The court rejected the claim that the voluntary nature of plaintiff's request for a zone change resulted in a hardship that was self-imposed. The court noted that "[t]he hardship here does not result from [the plaintiff's] successful request to change the zone in 1970; instead, it is solely caused by the application of the setback regulation. . . ." Id. 150. Thus, the decision of the board could not, as a matter of law, rest on a finding of self-imposed hardship.
The second reason alluded to in the decision and mentioned in the staff recommendations is the matter of precedent. The staff memo states concern that a precedent not be set for similar circumstances. Record #8. In the decision, Mr. Sheimbob states that he considers the request to be similar to Appeal 922. The record shows that Appeal 922 involved a request for a variance of the buffer requirement. Record #7 8. In Ward v. Zoning Board of Appeals, 153 Conn. 141, 146, 215 A.2d 104 (1965), the court notes that the fact that one property has been granted a variance is not a proper basis for granting a subsequent variance. The reasoning behind the court's decision in Ward is equally applicable in the converse. The board is obliged to focus on the distinct hardship claimed by the applicant seeking the variance. Thus, the fact that a variance was denied in Appeal 922 is no more a proper reason to deny a subsequent request than it would be to grant the request had Appeal 922 been successful. Thus, the second reason for the board's action as reflected in the transcript and the decision is legally insufficient.
The third ground upon which the board relied is noted in both the transcript and the decision. Several board members remarked that there was a pending zoning modification which might "affect this whole thing" and that "this may be resolved." Record #11 "Decision"; see also p. 12. The record does not support this finding. It is clear from the transcript that the contemplated change in the regulation would not resolve the issue.[3] Plaintiffs were entitled to a decision based on the regulations as they existed at the time of the hearing with specific reference to plaintiffs' single parcel, and without the board's reliance on precedent or the concept of self-imposed hardship.
When a variance is denied, the question on appeal is CT Page 835 whether any of the reason given are valid and supported by the Board of Appeals, supra, 502. In the present case, the three reasons given for the decision are self-imposed hardship, bad precedent and that the matter may be resolved by a future zone change. While the first reason would be sufficient to support the decision in the proper case, the record shows that the board incorrectly applied the law on self-imposed hardship to the facts of this matter. Therefore, all three reasons given for the decision are invalid as a matter of law.
For the foregoing reasons, the appeal is sustained. The board is hereby ordered to proceed in accordance with law. See Bogue v. Zoning Board of Appeals, 165 Conn. 749, 345 A.2d 9
(1974).
DUNNELL, Judge.