[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Harold C. Smythe, Jr. and Charles W. Smythe, are the owners of one acre of land in a Residence AAA (two acre) zone, located at the northwesterly corner of Merwins Lane and Cross Highway in the Town of Fairfield, Connecticut, and as such are aggrieved by the decision of the defendant Zoning Board of Appeals for the Town of Fairfield rendered February 11, 1988 denying their request for a variance. See Connecticut General Statutes 8-8 (a) (revised to 1989).
Notice of defendant Board's decision was published in the Bridgeport Post on February 19, 1988. The plaintiffs' timely appeal was served upon defendants March 1, 1988, pursuant to Connecticut General Statutes 8-8 (a) (revised to 1989). See also Connecticut Public Act No. 90-286.
The reasons given by the Board for denial of the plaintiffs' application, in its executive session, were "it is an undersized lot for the zone district and there is a use that could be made of the land."
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73. The court is only to determine whether the agency has acted illegally, arbitrarily or in abuse of discretion. Raybestos-Manhattan, Inc. v. PZC, 186 Conn. 466,470. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. PZC, 189 Conn. 261, 265. Where the zoning authority has not provided the reasons for its decision, the court must review the record to determine whether the decision is supported thereby. A. P. W. Holding Corp. v. PZC, 167 Conn. 182, 186. Although it is desirable for a zoning authority to state the ground for granting a variance and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the board's decision. If the board fails to give the reasons for its action, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. . . In searching the record, the trial court may rely on any reason culled from the record which demonstrates a real or reasonable relationship with the general welfare of the community in concluding that the board's decision should be upheld. Saenkiewicz v. ZBA, 15 Conn. App. 729, 732-33 (1988); affirmed 211 Conn. 76. CT Page 2748 The burden of proof to demonstrate that the board acted improperly is on the plaintiff. Adolphson v. ZBA, 205 Conn. 703, 707.
On November 6, 1987 the plaintiffs applied to the Zoning Board of Appeals of the Town of Fairfield, for a variance, inter alia, to reduce the street line set backs from 60 feet to 34.6 feet to allow the construction of a two story single family residence on the site of an existing barn and to reduce the set backs to 50 feet to allow the construction of a new two-car attached garage on the easterly side of the structure.
At a hearing held on December 17, 1987 that application was denied by the Board.
In January of 1988 the plaintiffs filed a new application to the said Zoning Board of Appeals, for a variance of street line set backs from 60 feet to 31.7 feet to allow construction of the two story residence on the site of an existing barn with a one-car garage within the same footprint as the existing barn and on the westerly side of the structure, thus eliminating the two-car garage.
Said application was properly before the Board, the I plaintiffs having made substantial changes in the application to address objections raised by the Board in denying the original application. Rocchi v. ZBA, 157 Conn. 106, 111; Mitchell Land Co v. Planning Zoning Board of Appeals, 140 Conn. 527, 534-35. The subject property has exited in its present form prior to, and since the creation of zoning regulations were established on August 27, 1925.
No contiguous property has ever been held in common i ownership whereby the parcel could have conformed to the two acre zoning requirement, despite the fact that plaintiffs did own property directly across the street. Bankers Trust Co. v. ZBA, 165 Conn. 624. Thus the property, from the advent of zoning in Fairfield, has been a legal nonconforming use. The size of the lot should not have been an issue. The only question was whether or not the proposed building met the requirements of the zoning regulations.
The zoning regulations required a 60 foot set back, compliance with which would preclude any construction on the property due to a pond and surrounding wetlands area located thereon. In determining whether the set back requirement was equivalent to confiscation "the extent of that deprivation must be considered in light of the evils which the regulation is designed to prevent." Chevron Oil Company v. Zoning Board of CT Page 2749 Appeals, 170 Conn. 146. A strict application of the set back requirements of the zoning regulations in this case would result in the total deprivation to the plaintiffs of the use and enjoyment of their property and as such would be confiscatory in nature. The Board could have reached no other reasonable conclusion and should have granted the variance. The plaintiffs' appeal is sustained and the Board ordered to grant I the variance.
MCKEEVER, JUDGE.