[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs, George D. and Ann T. Ghiroli, appeal the denial by the defendant the Zoning Board of Appeals of the Town of Branford ("the Board"), of the plaintiffs' application for variance, filed with the Board on February 12, 1999. A public hearing on this application was held on April 6, 1999 and the matter was continued to April 20, 1999 when the Board met and voted to deny the said application for variance. This appeal followed. A hearing on the appeal was held on February 1, 2000, at which the plaintiffs were found aggrieved for purposes of standing to take this appeal.
The plaintiffs are the owners of property in the Town of Branford, designated as 39 Flax Mill Road. The property consists of approximately 14.5 acres, of which approximately .8 acre is located in the Town of North Branford. The property has existed in its present configuration since 1923. The North Branford segment, triangular in shape, can only be accessed from the Branford segment of the property. The North Branford segment is zoned for industrial use.
The property is bordered on the east by tracks of the Branford Steam Railroad Company. In 1997, when the plaintiffs acquired the property, the Branford section was in an "R-5", residential, district. The plaintiffs sought, and obtained, a zone change, a a result of which the eastern section of the lot, bordering the railroad, is zoned "I-G-2" industrial, as is a strip of land comprising the southerly border. Entry to the industrial zoned land from Flax Mill Road is via the southerly strip. The industrial zoned segment of the parcel, including the North CT Page 5902 Branford triangle, comprises 6.4 acres. The remainder of the parcel, zoned R-5, comprises some 8.1 acres, and is primarily wetlands.
The industrially zoned land, then, comprises a strip bordering the southerly boundary, giving access to a rectangular piece running parallel to the railroad. This piece narrows as it approaches the North Branford town line and culminates in the North Branford triangle. The subject property is bordered by industrial property on the south and east and to the north of the triangle. The Branford section is bordered on the westerly and northerly sides by residences. Presently, a driveway enters the property from Flax Mill Road, runs along the southern boundary east to the easterly section then north through the easterly section into the North Branford triangle. The variance sought is to permit use c this driveway for access to and from the North Branford segment.
The plaintiffs purchased the property in 1997 with the intention of using it for a soil-processing operation whereby dirt would be screened to produce topsoil. The operation would run from early Spring to November. The previous owner had utilized the property as a contractor's storage yard, apparently without all the necessary permits and approvals Prior to purchase the plaintiffs had been assured by a North Branford town official that the North Branford segment could be utilized for a screening operation. After purchase, the plaintiffs commenced a soil-processing operation, sited on the North Branford segment and accessed over the Branford, R-5 segment of the property. At the end of July, 1997 the Branford Zoning enforcement officer issued a cease and desist order, informing the plaintiffs that Branford regulations (Section 25.11.d.) forbade use of residential land to access a use not permitted in a residence district. This led the plaintiffs to seek and obtain the zone change described above, resulting in the eastern portion of their land being zoned industrial.
This accomplished, the plaintiffs applied to the Board for three variances to enable them to pursue their plan. On October 20, 1998, the Board denied the application, and the plaintiffs appealed to this court (No. CV 98-0419528). Following the Board's denial town representatives met with the plaintiffs' counsel and it was agreed that two of the variances applied for were not needed, so the plaintiffs filed the application for the single variances the subject of the instant appeal, which in turn was denied.[1]
 II
Section 25.8.3 of the Zoning Regulations of the Town of Branford ("Regulations") provides, in pertinent part: "Along and adjacent to any CT Page 5903 Residence District Boundary line a strip of land not less than 50 feet in width in any Industrial District shall be left in its natural state if already wooded or shall be landscaped with lawns and trees and/or shrubs." The plaintiffs sought to vary this provision by, "Reduction of the width of the strip of land to be left in its natural state or landscaped adjacent to any Residential Boundary line from 50 feet to 15 feet, for a distance of approximately 145 feet; to allow for the use of an existing driveway near the Branford-North Branford Town line to provide access to the North Branford portion of the property from the Branford side." (Return of Record, Exhibit A).
This is a modification of the request for variance "b" of the 1998 application (CV 98-041528), which read: "Reduction of the width of the strip of land to be left in its natural state or landscaped adjacent to any Residential District Boundary Line from 50 feet to 15 feet, to allow for a driveway near the former Gillen property (more lately Protocsky) to provide access to the North Branford portion of the property." The plaintiffs ask this Court to direct that both of the above-quoted variances be granted.
It should be noted that the northern portion of the Branford industrial-zoned segment narrows as it approaches the North Branford segment so as to make it impossible to be in compliance with the 50 feet requirement.
As indicated, the Board voted to deny said application and gave as its reasons; "Health and welfare issues; no substantial changes in this application from the first and points of legal law."
 III
Pursuant to General Statutes, Section 8-6, the defendant Board has the authority "to determine and vary the application of the zoning by-laws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such by-laws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured . . ."
The plaintiffs claim that, in denying the subject application for variance, the Board acted illegally, arbitrarily and in abuse of the discretion vested in it, in that: CT Page 5904
a) the decision results in the plaintiffs having no legal means to access a substantial valuable and useful portion of their property;
b) the decision leaves the plaintiffs with a piece of property which has n reasonable or practical use permitted by the zoning regulations, and constitutes a practical confiscation of the property;
c) since the variance request was addressed solely to the issue of gaining access over an existing driveway to a portion of the parcel owned by the applicants, the reasons stated by the Board in denying the application: 1) health and welfare issues; 2) no substantial changes in the application from the first, and 3) points of legal law; are not appropriate or relevant to the variance request and are outweighed by the fact that the Board's denial of the variance constitutes a practical confiscation of a portion of the applicants' property.
d) the hardship was not created by the applicants' [prior] request for zone change, but was created by the application of different and conflicting zones imposed by two different municipalities on the parcel owned by the applicants;
e) if the prior use of the land by the applicants and/or the applicants' predecessor in title was used as a basis for denial, it is not a proper basis for denying the applicants any reasonable use of property which was legally acquired;
f) the variances were denied although a literal enforcement of the Zoning Regulations would result in exceptional difficulty or unusual hardship and a substantial injustice to the applicants, considering the conditions affecting the parcel, but not affecting generally the district in which said premises are located;
g) the Board's denial of the variance is not in harmony with the general purpose and intent of the Zoning Regulations and was not done with due consideration for conserving public health, safety, convenience, welfare and property values as required by General Statutes, Section 8-6.
In short, the plaintiffs claim that the said denial leaves them with no reasonable us of the North Branford segment of their property; that this is a hardship imposed by the zoning regulations; that the variance sought was in harmony with the general purpose an intent of the regulations; that the hardship affects especially the subject parcel but no generally the district in which it is situated; that said denial constitutes a "taking" or practical confiscation of a "portion" of the applicant's property; that the reasons given by the Board for its decision are not relevant to the variance request. CT Page 5905
For reasons stated below, the Court concludes that the plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant Board, in denying the variance sought, acted illegally, arbitrarily or in abuse of its discretion.
 IV
Judicial review of the Board's decision is limited to a determination of whether the decision was arbitrary, illegal or an abuse of discretion,Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654. The Board is vested with a large measure of discretion, and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v.Fairfield, 217 Conn. 164, 169. Courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution, Burnham v.Planning Zoning Commission, 189 Conn. 261, 266 (citation omitted). There is a strong presumption of regularity in the proceedings of an agency such as the Board, Frito-Lay, Inc. v. Planning ZoningCommission, 206 Conn. 554, 573-74 (citation, quotation marks omitted).
A variance authorizes the landowner to use his property in a manner prohibited b' the regulations, Wnuk v. Zoning Board of Appeals,225 Conn. 691, 697 (citation quotation marks, italics omitted). A request for a variance therefore asserts that the ordinance in question prohibits the proposed use and seeks relief from the requirements of the ordinance. Id. The granting of a variance must be reserved for unusual or exceptional circumstances, Bloom v. Zoning Board of Appeals,233 Conn. 198, 206-07 (citations omitted).
"An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone," Bloomv. Zoning Board of Appeals, supra, at 207 (citation omitted). Accordingly, a zoning board of appeals is authorized to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Proof of exceptional difficulty or unusual hardship absolutely necessary as a condition precedent to the granting of a zoning variance. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; and neither financial loss nor the potential for economic gain is the proper CT Page 5906 basis for granting a variance, Id., at 207-08 (citations, internal quotation marks omitted).
Where the Commission does state its reasons for a decision the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations, Irwin v. Planning Zoning Commission, 244 Conn. 615, [244 Conn. 619], 629. (citation, quotation marks omitted).
When, as here, the Board acts in an administrative capacity, the evidence to support any such reason must be substantial, Huck v. InlandWetlands Watercourses Agency, 203 Conn. 525, 540. The "substantial evidence" standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury, Kaufman v. ZoningCommission, 232 Conn. 122, 151. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence, Samperi v. Inland Wetlands Agency, 226 Conn. 579, 588
(citations, internal quotation marks omitted).
Zoning regulations that reasonably promote public health, safety and welfare are constitutional, even when they impinge on the rights of property owners. Nevertheless, an ordinance which permanently restricts the use of property for any reasonable purpose goes beyond permissible regulation and amounts to a taking. A practical confiscation occurs when an ordinance so limits the use of land that it cannot be utilized for any permitted purpose without a variance. In determining whether a zoning regulation is unreasonable and confiscatory as to a piece of property, the court must consider the facts and circumstances of each individual case. Namely, the court should examine the diminution in value of the land, the nature and degree of public harm to be prevented, and the alternatives available to the landowner, Archambault v. Wadlow,25 Conn. App. 375, 382-83 (citations, quotation marks omitted).
 V
The plaintiffs have failed to establish, by a fair preponderance of the evidence, a legal hardship. The subject property is a single parcel of 14.5 acres, with approximately .8 acre located in North Branford. The inability to access the .8 acre North Branford segment does not constitute exceptional difficulty or unusual hardship such as to require granting of the variance sought. Such denial does not itself preclude the plaintiffs from conducting a soil-processing operation on their property. It may, in the owner's eyes, be more desirable to locate such CT Page 5907 operation on the North Branford segment of the parcel but inability of an applicant to obtain what he considers the optimal use of every inch of his property, by reason of a denial of variance, does not constitute legal hardship.
Similarly, with regard to the claim of practical confiscation: the plaintiffs have failed to demonstrate that absent the variance at issue, there is no practical use for the subject property. Indeed, at the April 6, 1999 public hearing, the plaintiffs' counsel candidly stated: "[I]f the variance isn't granted what it will do is it will prevent us from accessing this [North Branford] part of the site but it won't prevent us from accessing the Branford side of the site" (Return of Record DD, p. 8). And again: "[I]f this variance is not granted and it results in shutting off the North Branford piece of the property what you're going to be left with is an operation that can only operate from here to here on the Branford side. We can get to that side and if we're required to or we're left with nothing else, that's where the operation is going to be." (ROR DD, p. 22). Denial of the variance sought does not itself deprive the plaintiffs of reasonable use of their property. The effect of applying the relevant part of Regulations, Section 25.8.3 to the plaintiffs' property is simply not so severe as to constitute a practical confiscation of the said property.
Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, cited by the plaintiffs, is distinguishable from the instant matter. Unlike here, the "deprivation" found by the Chevron court was of more than 85 percent of the subject property. Moreover, that court found no "practical confiscation," since a portion of the subject property could be used for some permitted use if the variance were not granted. So too, here.
 VI
The plaintiffs also claim that the reasons stated by the Board in denying the subject application were "not relevant" and "outweighed" by what the plaintiffs characterize a a practical confiscation of "a portion" of their property. If the reasons assigned by the Board are reasonably supported by substantial evidence in the record and are pertinent t the considerations which the Board is required to apply under the zoning regulations, then the Court must uphold the Board's decision. Irwin v. Planning Zoning Commission, supra. One of the reasons for its decision, as stated by the Board was "Health and welfare issues". General Statutes, Section 8-6 requires the Board to give "due consideration for conservation of the public health, safety, convenience, welfare and property values . . ." The reason stated by the Board is not on its face irrelevant. We must consider whether such consideration was pertinent to the application and whether there was substantial CT Page 5908 evidence in the record to support the reason given.
Several neighbors testified as to the impact of the plaintiffs' soil processing operation on their lives. (ROR DD, pp. 22.ff.). Neighbors testified that such operation caused noise, dust, health and safety concerns stemming from the movement of trucks in and out of the property. It should be noted that these neighbors were not testifying simply' as to their fears for the future, but as to what they have experienced from the actual operation of the soil processing operation. The court finds that such testimony constitute (substantial evidence in the record on which the Board could rely in deciding to deny the subject application on "health and welfare" grounds.
The plaintiffs argue, however, that such testimony by the neighbors is not relevant to the Board's decision. The plaintiffs correctly point out they are not seeking a use variance. Both the easterly segment of the Branford section and the North Branford segment are industrially zoned and all the plaintiffs seek is access to and from the North Branford segment over an existing driveway. The plaintiffs argue that what use they propose to make of that access is immaterial so far as this request for variance is concerned. The plaintiffs take entirely too constricted a view of the Board's powers and obligations. The plaintiffs ask the Board to ignore its knowledge of the neighborhood and the history of the property, as well as testimony as to the impact of the variance sought on the public health and welfare.
The plaintiffs wish to conduct a soil-processing operation on the North Branford segment of their property. To move raw materials and finished product to and from the chosen processing site, they must have access over the easterly segment of the Branford part of the property. To obtain legal access the plaintiffs must obtain a variance of the 50 feet buffer requirement. That is the purpose of the application. The Board is not required to blind itself to such facts. Knowledge of the use to which a variance is proposed to be exercised is essential to a determination of the impact of said variance on the public health and welfare. There is substantial evidence in the record as to the purpose of the plaintiffs in seeking said variance and the Board is entitled to consider such purpose in reaching its decision. The Board is entitled to consider evidence as to the consequences of approval on the neighborhood.
 VII
The court must consider the facts and circumstances of each individual case. Archambault v. Wadlow, supra, at 382-83. Applying the Archambault
considerations to the facts and circumstances of this case the court finds: that any diminuation in the value of the plaintiffs' property was CT Page 5909 not quantified; there was no showing of lack of alternatives available to the landowners, regarding the use of the subject property, 39 Flax Mill Road; there is substantial evidence in the record to allow the Board to conclude that the impact of approval on public health and welfare outweighs any detriment to the plaintiffs caused by a denial of the said application.
Because the plaintiffs have failed to establish the required hardship, because the plaintiffs have failed to show that the Board's denial of their application for variance constitutes practical confiscation and because there was substantial evidence in the record to support the Board's denial of said application on public health and welfare grounds, the plaintiffs must fail.
The plaintiffs' appeal is, accordingly, dismissed and judgment may enter in favor of the defendant, the Zoning Board of Appeals of the Town of Branford.
By the Court
Downey, J.