EDWIN R. GREEN ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WESTPORT
(3183)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued April 9—decision released July 16, 1985

*Jan A. Marcus,* with whom, on the brief, was *G. Kenneth Bernhard,* for the appellant (defendant).

*Joseph M. Brophy,* for the appellees (plaintiffs).

DUPONT, C.P.J. This is an appeal from a judgment of the trial court sustaining the plaintiffs' appeal from a decision of the defendant zoning board denying a variance. Upon our grant of certification, the defendant appealed to this court. The plaintiffs sought a variance from the zoning regulations of Westport to permit them to use their residentially zoned dwelling for offices. The record discloses that in 1977 the plaintiffs purchased the subject property which included a parcel of land and a two-story frame house located on Myrtle Avenue in Westport. The property is zoned "residence A" and is adjacent to the Westport town hall which had previously been used as a junior high school.

The plaintiffs, desiring to use their property for a law office and an insurance office, filed applications requesting variances of certain Westport zoning regulations. A public hearing was held at which evidence was presented in support of, and in opposition to, the plaintiffs' application. The defendant board denied the application, on the basis that the plaintiff had failed to demonstrate a sufficient hardship pursuant to General Statutes § 8-6 (3).[1]

---

[1] General Statutes § 8-6 provides in pertinent part: "The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regula-

The trial court sustained the plaintiffs' appeal, which was taken pursuant to General Statutes § 8-8, holding that the board's denial of a variance to the plaintiffs was not supported by the record, and, therefore, the board acted arbitrarily, illegally and abused its discretion. On appeal, the defendant board, in effect, raises one claim of error, that the trial court erred in finding that the board's denial of the variance was not reasonably supported by the record.

General Statutes § 8-6 (3) provides the board with authority to grant a variance, if that variance would not substantially affect the comprehensive zoning plan, and the application of the zoning ordinances to the particular parcel of land causes an unusual hardship, unnecessary to implement the general purpose of the zoning plan. *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 655, 427 A.2d 1346 (1980); *Grillo* v. *Zoning Board of Appeals,* 4 Conn. App. 205, 493 A.2d 275 (1985). The board's reasons for denying the variance are examined to determine whether they are reasonably supported by the record and are a relevant basis on which to act on the application. *Chevron Oil Co.* v. *Zoning Board of Appeals,* 170 Conn. 146, 152–53, 365 A.2d 387 (1976). If one of the reasons provided by the board is sufficient to support the denial of the variance, the board's decision must be upheld. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 49, 484 A.2d 483 (1984).

tions in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed."

The reasons advanced by the board in this case were that the plaintiffs' reference to the other variances in the area which had previously been granted, except one where the property was unique, required some residential use, that the plaintiffs purchased the property knowing that the adjoining property was to become a town hall, and that the property was not the sole residence in the neighborhood.

The trial court found that the board misperceived the plaintiffs' claim of hardship. The trial court, after reviewing the transcript of the public hearing, decided that the plaintiffs advanced certain claims of hardship. These were that the subject property is uniquely situated, adjacent to town hall, isolated from the rest of the neighborhood, and thereby adversely affected by the evening activities at town hall, the neighborhood had become commercialized, and that the enforcement of the zoning regulations to this property greatly diminished its economic value. This is contrary to the plaintiffs' allegations in their complaint. Paragraph five of the plaintiffs' complaint alleges that the hardship claimed was the financial loss sustained by the plaintiffs as a result of the zoning ordinances. In support of that claim, they alleged the property was unsuited for single family residential use because of its close proximity to the Westport town hall, its isolation from the surrounding neighborhood because of a newly constructed multi-lane roadway and the frequent evening activities conducted at the town hall.

A "hardship must be different in kind from that generally affecting properties in the same zoning district . . . ." *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 327, 387 A.2d 542 (1978). The board stated that there were other single family residences in the immediate vicinity. The transcript of the hearing before the board reveals that the thrust of the plaintiffs' argument for a use variance was that other variances were

granted to owners in the immediate neighborhood for reasons similiar to those advanced by the plaintiffs. The board responded at the hearing and in its decision by pointing out that with one exception, those variances were coupled with continued residential use of the property. The board, therefore, could conclude, as it did, that the hardship claimed by the plaintiffs was not different from that affecting other properties in the neighborhood. The board's decision was supported by the record which contained a relevant basis on which to deny the variance.

The presence and continued use of other properties in the vicinity as single family residences also undermines the plaintiffs' claim of financial hardship, particularly where no evidence was adduced before the board to establish that the plaintiffs were presently losing money in their rental of the premises. The trial court, therefore, erred in holding that the record did not support the board's action.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.