## RENATE WERNER *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EASTON ET AL.
### (9029)

O'CONNELL, LAVERY and CRETELLA, Js.

Argued October 29, 1990—decision released April 9, 1991

*Ronald D. Williams,* with whom, on the brief, was *Renee L. Bevacqua,* for the appellant (named defendant).

*Andrew D. Cretella,*\* for the appellee (plaintiff).

CRETELLA, J. The defendant board[1] appeals from the judgment of the trial court reversing the board's denial of what is considered an application by the plaintiff for a variance. On appeal, the defendant questions whether the trial court improperly (1) determined that a zoning variance that was granted in 1986 remained valid, thus requiring no additional variance, (2) determined that no condition had been attached to the earlier variance, and (3) refused to admit the board's offered exhibits consisting of court records relating to certain injunctive orders that had been issued against the plaintiff.

We agree with the trial court's findings that the 1986 variance remained valid and that an additional variance was not required. We also agree with the trial court's finding that the plaintiff's subsequent application to the defendant board in 1989 was, in fact, an appeal from a cease and desist order, and that any question of hardship was not pertinent to the 1989 hearing.

A brief summary of the long and rather complicated history of this matter is relevant. In 1986, the plaintiff applied for a variance of the fifty foot front yard setback required by § 5.4.1 of the Easton zoning regulations. The plaintiff's application was granted on the basis of a finding of hardship, thus permitting her to construct a caretaker's residence with a front yard setback of no less than thirty-one feet six inches from Stepney Road, where the regulations normally required a fifty foot setback. This caretaker's residence was to be built by means of an addition to, or an alteration of, an existing structure. The plaintiff obtained a building permit in February, 1988, and commenced construction of the addition.

---

\* There is no relation between the author and counsel for the appellee.

[1] The defendants in this action are the Easton zoning board of appeals and the Easton town clerk.

Thereafter, because of disputes and discrepancies in the data and information that the plaintiff had provided to the building department, the plaintiff was ordered to stop work and served with a cease and desist order. When the plaintiff was unable to resolve these matters, she continued with the construction and was then served with a temporary restraining order. Eventually, after a full court hearing, a temporary injunction was issued. The plaintiff then applied to the defendant board for relief.

Following a public hearing on April 3, 1989, the plaintiff was advised in writing that her "request for a variance" was denied because the board felt that no real hardship had been shown and that any alleged hardship had been self-imposed. The plaintiff appealed the board's decision to the Superior Court.

The trial court, without considering the merits of the board's 1989 denial, concluded that the plaintiff required no additional variance because the 1986 variance was still valid. Because no additional variance was required, the court also concluded that the question of hardship played no part in the board's decision. We agree.

In her complaint to the trial court, the plaintiff alleged that her application to the board in 1989 was an appeal from the cease and desist order and that the board had improperly construed it as an application for a variance. The court agreed, as do we.

The board argued before the trial court that the 1986 variance was conditioned on the area and dimensions contained in the plans for the proposed addition that were viewed by the board in 1986. The trial court had before it, however, none of the records or data relating to the 1986 variance. It was only after the court properly accepted a copy of the 1986 variance as a plain-

tiff's exhibit that it was able to determine the nature of that variance. Although the exhibit itself makes reference to the plaintiff's 1986 application only by number, the parties all stipulated that the plaintiff requested this variance in order to construct an addition thirty-one feet, six inches from Stepney Road, rather than at the required fifty foot setback. The parties also agree that the plaintiff's construction does not infringe on the allowed thirty-one foot, six inch setback.

The exhibit offered by the plaintiff made no reference to the variance's being conditioned on any specific dimensions or area of the addition. It merely stated that the addition would be to the side and rear of the existing structure and required that the addition be utilized only as a caretaker's residence in accordance with the existing zoning regulations.

The defendant sought to establish that there were conditions attached to the 1986 variance. It offered exhibits relating to the temporary restraining order and the temporary injunction that had been issued by the Superior Court. It was that injunction that caused the plaintiff to appear before the board again in 1989. The court declined to accept these exhibits, stating that they were not relevant.

Our examination of the proffered exhibits, which were duly marked for identification, simply establishes that the plaintiff was allegedy proceeding with the construction of the addition in some manner that was contrary to the *building permit* that had been issued by the Easton *building department*. Even if that was true, it was not a proper matter to be considered by the Superior Court or by this court in the course of an appeal from a denial by the defendant board. These exhibits were properly excluded by the trial court.

It is well established that with the exception of certain statutorily defined instances in which the taking

of evidence by the trial court is mandated, the court has broad discretion in determining whether to accept additional evidence when hearing an administrative appeal. *Ierardi* v. *Commission on Human Rights & Opportunities,* 15 Conn. App. 569, 584–85, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988); see *Stiles* v. *Town Council,* 159 Conn. 212, 268 A.2d 395 (1970); *Troiano* v. *Zoning Commission,* 155 Conn. 265, 231 A.2d 536 (1967). In light of the plaintiff's argument to the trial court that no further variance was required and that the plaintiff's 1989 application was merely an appeal from the cease and desist order, the court was well within its authority to review the 1986 variance to determine whether the board had acted fairly and with proper motive and valid reasons. *Schwartz* v. *Planning & Zoning Commission,* 208 Conn. 146, 152, 543 A.2d 1339 (1988). It was also necessary for the court to determine whether the actions of the board were reasonably supported by the record and were a relevant basis upon which to deny the application. *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 68, 549 A.2d 1076 (1988); *Green* v. *Zoning Board of Appeals,* 4 Conn. App. 500, 502, 495 A.2d 290 (1985).

We agree with the trial court that proof of a hardship was not required during the 1989 hearing because no further variance was required. While it is true that the board may impose reasonable conditions to the granting of a variance, those conditions must be in accordance with the zoning regulations and it may not impose conditions that are contrary to those regulations. *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 492, 391 A.2d 146 (1978); *Farina* v. *Zoning Board of Appeals,* 157 Conn. 420, 422, 254 A.2d 492 (1969). It is equally well established that, whether or not it was stated, the plaintiff must abide by all existing regula-

tions as to side yard, rear yard, height, area etc. unless there has been a variance granted as to any of those regulations. Here, the only regulation that had been varied was the fifty foot set back regulation. The variance further stated that the addition was to be used as a caretaker's residence.

The trial court correctly ordered the building inspector to treat the plaintiff's application for a building permit as one that complied with the setback regulation and to issue a building permit if one would be issued for a building that had a fifty foot setback.

The judgment is affirmed.

In this opinion the other judges concurred.