[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, R. Adrian French and Elizabeth F. French have appealed the decision of the defendant, Hartland Planning and Zoning Commission denying their application for subdivision approval of property located on the easterly side of Pell Road a/k/a Pel Daniels or Pell Daniels Road.
On March 28, 1991 Mr. French submitted an application for subdivision approval of the plaintiff's property. This application was denied on June 17, 1991 and thereafter, this appeal followed.
The subdivision application which is the subject of this appeal has been twice submitted to the Hartland Planning and Zoning Commission. The application was originally submitted to the Commission on February 23, 1990, and was accepted for review by the Commission on February 26, 1990 at its regular meeting. In connection with this first CT Page 191 application, Mr. French appeared before the Commission on three occasions. On May 21, 1990 the Commission denied the plaintiffs' original subdivision application. The plaintiffs did not pursue an appeal of the denial of this first application. Rather, on March 28, 1991, the plaintiff filed a second subdivision application for the same property, which the plaintiff, himself, referred to as a "resubmission" of his previous application; his stated intent with regard to this resubmission was simply to present "new evidence" concerning the status of Pell Road. The substance of the second application and the accompanying plans were identical to the first set of submissions.
The defendant has conceded for purposes of standing to appeal, the plaintiffs are both "classically" and statutorily aggrieved, inasmuch as R. Adrian French was the applicant for the subject subdivision and the plaintiffs were owners of the property that was the subject of the Commission's denial. See Conn. Gen. Stat. Section 8-8 (a)(1) DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 396
(1991).
Initially, the court notes that the application filed by Mr. French was for a one lot subdivision on eighty-three plus or minus acres. Appendix A. The town subdivision regulations define subdivision as "the division of a tract or parcel of land into three or more parts or lots. . ." The application as filed was not for a subdivision but rather for building or sale on "one" lot. For this reason alone, the application should have been denied as it was not for a subdivision. Conn. Gen. Stat. Sec. 8-18. The minutes of June 17, 1991 state:
 Vice Chairman, Neil Gilpin, made a motion to reject the application of Richard Adrian French dated March 28, 1991 for a one lot subdivision of property located on the east side of Pell Rd., in East Hartland, Connecticut. Mr. Gilpin cited the following reasons why the Commission vote had to be to reject Mr. French's subdivision application:
 1. the issue before the Commission is not the current status of the road but rather did the application meet town Subdivision Regulations, including the requirement that the road subdivision streets be built to town road specifications;
2. the application for one lot does not CT Page 192 constitute a subdivision as defined in the Hartland Subdivision regulation;
 3. there is nothing to establish that the Town of Hartland has done anything to accept Pell Road subsequent to it's discontinuance in 1870;
 4. Mr. French has not shown any evidence of subsequent dedication of Pell Rd.
 5. occasional use by hunters in Tunxis State Forest doesn't raise to the level of acceptance by the State of Conn.;
 6. Mr. French has not met the requirements of Section 6.A.1. in that he has not shown that the road will be constructed to town specifications.
Reason number 2. was a proper legal ground to deny the application.
Aside from the above reason, the application as submitted did not contain the information required by the application such as an engineer's report, plans and profiles, etcetera.
The parties have discussed at great length the legal status of Pell Road. In view of the court's finding that the application was defective on its face, that issue need not be addressed. Finally, if the plaintiffs are seeking to divide this property into two lots, a proper application with required documentation should be filed.
For the reasons stated, the appeal is dismissed.
PICKETT, J.