[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to General Statutes 8-8 from the decision of the defendant, Board of Zoning Appeals for the Town of Stratford (ZBA), denying plaintiff Carlos Cabral's petition for variance.
In November 1983, the plaintiff and his wife purchased lots 4 and 5 on Preston Drive of Clover Estates Subdivision. (ROR, Exh. 18F). Clover Estates is an approved subdivision per the Stratford Planning and Zoning Commission on August 3, 1961. (Plaintiff's Memorandum). Lot 5 is an undeveloped lot. (ROR, Exh. 18F). Plaintiff wants to construct a home for his daughter on lot 5. (ROR, Exh. 18F).
In December 1988, plaintiff tried to obtain the necessary permits to construct a home on lot 5. (ROR, Exh. 18F0. The Zoning Department told the plaintiff that lot 5 was an unapproved lot and that the plaintiff must obtain waivers from the ZBA. (ROR, Exh. 18F). Plaintiff states that lots 4 and 5 were purchased from the Town of Stratford as an approved subdivision. (ROR, Exh. 18F). In November 1988, plaintiff filed a petition for a waiver with the ZBA. (ROR, Exh. 18F). Plaintiff states he was told, by the zoning office that lot 5 was nonconforming as to lot width and that a waiver was necessary. (Plaintiff's Memorandum, p. 2). On December 6, 1988, a hearing was held on the plaintiff's petition. (ROR, Exh. 18F). On December 8, 1988, plaintiff's petition for a waiver was denied. (ROR, Exh. 18F).
On April 20, 1990, plaintiff sent a letter to Gary Lorentson (Lorentson), the Planning and Zoning Administrator of the Town of Stratford, asking for his opinion as to the compliance of lot 5 with the Stratford Zoning Regulations. (ROR, Exh. 24, p. 2). By letter dated May 10, 1990 Lorentson stated:
 It is my opinion that lot 5 is an approved subdivision lot. The approvals necessary to build on lot 5 would be as follows:
CT Page 2774
 1. A plan and profile of the extension of Preston Drive would have to be approved by the Planning Commission and the Town Council.
 2. The agency responsible for wetlands determination would have to approve the development of lot 5 and perhaps the road extension. (ROR, Exh. 18-7).
Plaintiff then applied to the Inland Wetlands Commission of Stratford. (ROR, Exh. 24, p. 2). On October 17, 1990, the Inland Wetlands Commission (IWC) conditionally approved the plaintiff's proposed regulated activity. (ROR, Exh. 18E).
On November 7, 1990, Primrose Construction Co., on behalf of the plaintiff, wrote to the Stratford Water Pollution Control Commission asking for approval for storm and sanitary sewer extensions to construct a one family house on lot 5. (ROR, 18D).
On November 17, 1990, plaintiff posted a $2,000 bond with the IWC effectuating his permit, and the plaintiff began erosion control on lot 5. (ROR, Exh. 24, p. 2).
Pursuant to Lorentson's May 10, 1990 letter, the plaintiff applied to the planning commission for a building permit. Plaintiff was informed by the Stratford Town Manager that his building permit application would be on the November 1990 agenda. (ROR, Exh. 18F). However, it should be noted that the building permit application was not actually acted on until April 1991. (ROR, Exh. 24). Following repeated inquiries from the plaintiff as to the status of his application, the town manager wrote to the plaintiff on March 6, 1991, stating that "at present the Commission has approved your request to construct a residence on the property and it is on its way to final approval before the Town Council." (ROR, Exh. 18G). In April of 1991, plaintiff's permit was approved contingent on filing and improvement bond. Thereafter plaintiff received two letters from Lorentson advising him of amounts necessary for improvement bonds. (ROR, Exh. 18H, 18I).
On April 19, 1991, Primrose Construction Co., on behalf of the plaintiff, called Lorentson to arrange posting of the improvement bond. (ROR, Exh. 24, p. 4). Primrose was told by Lorentson that effective April 17, 1991 the zoning regulations had changed, "which I'm sure you are aware of." (ROR, Exh. 24, p. 4).
On April 19, 1991, plaintiff petitioned for a CT Page 2775 variance. (ROR, Exh. 1). The plaintiff sought a waiver of 3.14 of the Stratford Zoning Regulations to allow construction of a one family dwelling within 50 feet of a freshwater inland wetland, and for waiver of 4.2 of the Stratford Zoning Regulations to allow for building coverage of 20.7% of the lot area, not including wetlands, in order to construct a one family dwelling on the subject property. Under the old Stratford zoning Regulations there was no requirement of a fifty foot set back from wetlands and the maximum lot coverage was 20% including wetlands. The effect of the new zoning regulations was to no longer allow wetlands to be calculated into the maximum lot coverage. This caused an increase in plaintiff's building coverage but not in the actual area occupied by the proposed dwelling. Plaintiff claims he has a hardship because the "new regulation [came] into effect after we had worked on [lot 5] for 2 years." (ROR, Exh. 1).
Subsequently, on May 7, 1991, the ZBA held a public hearing on plaintiff's petition. (ROR, Exh. 24). On May 7, 1991, plaintiff's petition was denied by the ZBA. (ROR, Exh. 24, p. 7).
Notice of decisions was published on May 18, 1991 in the Bridgeport Post. (ROR, Exh. G). General Statutes 8-8 (b) (1991) states in pertinent part that "an appeal shall be taken within fifteen days from the date that notice of the decision was published. . . . The appeal shall be commenced and returned to court in the same manner as prescribed for civil actions. . . ." The Chairman of the ZBA and the town clerk were served on May 23, 1991. The appeal was served within the statutory time limit.
Aggrievement
General Statutes 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court." An owner of the subject property is aggrieved and entitled to appeal. See Bossert Corp. v. Norwalk, 157 Conn. 279, 285,253 A.2d 39 (1968). Plaintiff has submitted a deed showing documentation of his ownership. (ROR, Exh. 8). Therefore, the plaintiff is aggrieved under General Statutes 8-8.
Scope of Review
A trial court may grant a relief on appeal from a decision of an administrative authority only where the local authority has acted illegally or arbitrarily or has abused its discretion. Raybestos — Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470, 442 A.2d 65 (1982). See D J Quarry Products, Inc. v. Planning Zoning Commission, 217 Conn. 447, 453, CT Page 2776585 A.2d 1227 (1991).
The court is to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC, 211 Conn. 85, 96, 558 A.2d 646 (1989).
The plaintiff states in his complaint that the ZBA acted, illegally, arbitrarily and in abuse of its discretion in denying the plaintiff's petition because:
 (a) It failed to state its reason for such denial as required by Section 8-7 of the Connecticut General Statutes;
 (b) It denied Plaintiff's application in the absence of sufficiently supportive evidence in opposition to Plaintiff's petition;
 (c) It denied Plaintiff's application in violation of the Town's Comprehensive plan; and
 (d) Its denial was confiscatory in nature.
Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar,204 Conn. 4, 16, 526 A.2d 1311 (1997); First Hartford Realty Corporation v. Planning Zoning Commission, 165 Conn. 533,535, 338 A.2d 490 (1973).
The plaintiff briefs the following issues, hardship and taking. The ZBA briefs only hardship.
Hardship
The plaintiff applied for a building permit in late spring of 1990. The building permit was denied because the planning and zoning commission of Stratford stated that the plaintiff would need a variance because of the change in the town's zoning regulations, which became effective April 17, 1991.
The ZBA denied plaintiff's petition for a variance, which the plaintiff appeals.
Plaintiff claims that the ZBA improperly denied his variance because a hardship does in fact exist, entitling him to a variance. Plaintiff further claims that until the CT Page 2777 adoption of the new zoning regulation on April 15, 1991 his proposal was in conformity with the zoning regulations and the comprehensive plan. Furthermore, plaintiff claims that if any one of the delays caused by the Town of Stratford, had not occurred, the house would have been built before the change of regulations and without the need for any variances.
The ZBA counters that there is nothing in the record that demonstrates that the plaintiff has been deprived of any and all use of its property. Furthermore, the ZBA states that the plaintiff has not met its burden of proving that there is an exceptional difficulty or unusual hardship. Therefore, the ZBA argues it cannot grant the variances.
 Regarding hardship, under General Statutes 8-6 (3), a local zoning board may grant a variance where two basic conditions are met: "(1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 709, 535 A.2d 799 (1988); Smith v. Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542 (1978). If, however, the hardship arises from a voluntary act on the part of the applicant, the board does not have the authority to grant a variance. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982); Belknap v. Zoning Board of Appeals, supra, 44. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." (Citations omitted.) Id., 39-40.
Archambault v. Wadlow, 25 Conn. App. 375, 381, 594 A.2d 1015
(1991). "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369,537 A.2d 1030 (1988).
"It is the responsibility of the zoning commission to protect the welfare of the town as a whole. It is the function of the zoning board of appeals . . . to protect the interests of the individual landowner by granting a variance when regulations impose on him a hardship of the nature described in the statute." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 715, CT Page 2778535 A.2d 799 (1988) (citations omitted). "Proof of hardship is a condition precedent to granting a variance. The hardship must arise from circumstances or conditions beyond the control of the property owner." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 598,575 A.2d 429 (1990) (citations omitted). "A `hardship must be different in kind from that generally affecting properties in the same zoning district."' Green v. Zoning Board of Appeals, 4 Conn. App. 500,503, 495 A.2d 290 (1985).
It is clear that the plaintiff is not entitled to a variance because he did not prove he has a hardship. The reason plaintiff states for his hardship is that the new regulations became effective after working on lot 5 for two years. It is noted that the plaintiff's alleged hardship is not different from that generally affecting neighboring properties.
Furthermore, the plaintiff cannot demonstrate hardship from the application of the new regulations because they do not govern his permit application.
General Statutes 8-2h(a) states in pertinent part: "An application filed with a zoning commission, planning and zoning commission, zoning board of appeals or agency exercising zoning authority of a town, city or borough which is in conformance with the applicable zoning regulations as of the time of filing shall not be required to comply with, nor shall it be disapproved for the reason that it does not comply with, any change in the zoning regulations or the boundaries of zoning districts of such town, city or borough taking effect after the filing of such application." See Protect Hamden/North Haven from Excessive Traffic and Pollution, Inc. v. Planning and Zoning Commission,220 Conn. 527, 540, ___ A.2d ___ (1991). (Pursuant to General Statutes 8-2h(a) an application for a special permit is considered by the commission under the zoning regulations in effect on the date the application was filed).
It is found that under 8-2h, the plaintiff does not need a variance of the new regulations because his application is governed by the previous regulations.
Therefore, because no hardship was shown, plaintiff's appeal should be dismissed. However, the dismissal of plaintiff's appeal in no way prejudices plaintiff's application for a permit to be decided by the commission. It is noted that the plaintiff may resume his application for a building permit pursuant to the zoning regulations in effect at the time his application was filed.
Appeal dismissed.
WILLIAM J. McGRATH, JUDGE CT Page 2779