[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This particular appeal involves the use of property located at 357 Bantam Road in the Town of Litchfield alleged to be owned by the defendant, Joseph DiBlasi. Previously on January 3, 1992 this court sustained an appeal by Mr. DiBlasi from the action of the defendant denying a change of use of the property. DiBlasi v. Litchfield Zoning Board of Appeals, #55783. That case is presently on appeal.
The DiBlasi property has a building located thereon consisting of about 6,000 square feet. The building was constructed in 1957 by the Connecticut Light Power Company together with site improvements sufficient for the parking of the equipment which was used by the Connecticut Light and Power Company for off-site work. The building itself housed areas separately dedicated to the maintenance and repair of CT Page 11522 equipment, the storage of parts and materials which were to be incorporated into the power distribution system and an area dedicated for administrative offices and limited public access.
On or about July 22, 1970 the Town of Litchfield adopted zoning regulations and a zoning map. The DiBlasi property was placed in a residential zone and continues to be so zoned to the date hereof. Hence, as of July 22, 1970 the use of the DiBlasi property by the Connecticut Light 
Power Company became a legally existing nonconforming use.
The records of the Assessor of the Town of Litchfield indicate that the DiBlasi property was purchased by Katherine B. Anderson on July 26, 1978 and was occupied by J. O. Anderson Co. Plumbing Heating Supplies. The records of the assessor of the Town of Litchfield further indicate that the DiBlasi property was purchased by Joseph DiBlasi on February 3, 1986.
From the time of its purchase in 1978 by Katherine B. Anderson to the date of the public hearing conducted by the Litchfield Zoning Board of Appeals October 22, 1991, the DiBlasi property has been used and occupied by J. O. Anderson Plumbing Heating Co. and by White Birch Construction Co. as the site from which each of these construction companies conduct their business activities as a nonconforming use.
On or about April 11, 1991, Joseph DiBlasi filed an application with the Planning Zoning Commission of the Town of Litchfield seeking its permission, pursuant to the provisions of Article VI, Section 1.5 of the zoning regulations to change the present nonconforming use of the DiBlasi property so that 1,600 square feet thereof could be leased to Towne 
Country Video for the purpose of renting and selling video tapes.
The DiBlasi application was thoroughly discussed by the Commission at its meetings of April 15, 1991 (Record #2 and #3) and June 17, 1991 (Record #4 and #5). Following that discussion the Commission voted to adopt the following motion made by Commission member David Guernsey:
 I also feel that a video operation is a pretty clean operation and we cannot unduly deny somebody the use of their property, so I am willing to maybe compromise on a clean operation for something that we might like as a construction company with three employees and I would therefore move that we approve the application of White Birch Construction Co., Route 202 for a change of use seeking to change the use of the portion of the premises located at 357 Bantam Road to change the use for the purpose of operating a video rental business with the understanding that the evidence has indicated that this is CT Page 11523 no more than half of the existing building, that is not a very well phrased motion but I would like to make that so we could put this to bed one way or the other."
(Record #5, p. 13).
Notice of the decision of the Commission was published in the Litchfield Enquirer on June 28, 1991. (Record #7). On July 9, 1991 Robert Wilton appealed the decision of the Commission to the Litchfield Zoning Board of Appeals. (Record #8). The Board held a public hearing on the Wilton appeal on October 22, 1992. (Record #15). Notice of the public hearing conducted by the Zoning Board of Appeals was published in the Waterbury Republican on August 15, 1991 and in the Litchfield Enquirer on August 23, 1991. (Record #10). At its meeting of December 9, 1991, the Board, after reviewing all of the testimony presented to the Planning and Zoning Commission and after reviewing all of the testimony presented to it at its hearing, voted to sustain the decision of the Commission (Record #17).
Notice of the decision of the Zoning Board of Appeals was published in the Litchfield Enquirer on December 20, 1991 (Record #18) and this appeal followed on December 31, 1991.
The parties have stipulated that the plaintiff is the owner of property within one hundred feet of the DiBlasi property and is therefore aggrieved. Conn. Gen. Stat. 8-8(a)(1).
A reviewing court cannot substitute its judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning board of appeals unless a party aggrieved by the decision establishes that the Board acted illegally or arbitrarily. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 266 (1983).
There is a presumption that such a board as the zoning board of appeals has acted with fair and proper motives, skill and sound judgment. Strain v. Mims, 123 Conn. 275, 285 (1937); Burlington v. Jencik, 168 Conn. 506,508-509 (1975).
If it appears that the Board has reasonably and fairly exercised its judgment after a full hearing, the trial court must be cautious about disturbing the decision of the authority. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission, 186 Conn. 466, 469 (1982).
This court has to decide whether the Board correctly interpreted the CT Page 11524 applicable regulation and applied it with reasonable discretion to the facts.
Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620 (1968).
Section 8-6 of the General Statutes provides, in part, as follows:
 The Zoning Board of Appeals shall have the following powers and duties: (1) to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this Chapter or any by-law, ordinance or regulation adopted under the provisions of this Chapter . . .
In paragraph 8 of the complaint the plaintiffs allege that "in denying their appeal and sustaining the action of the Planning and Zoning Commission, the Litchfield Zoning Board of Appeals acted illegally, arbitrarily and in abuse of the discretion vested in it in that its determination that there was no change in the use of the property is erroneous as a matter of law."
Section 8-2 of the General Statutes provides, in part, as follows:
 Such regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulation.
Article VI, Section I of the zoning regulations of the Town of Litchfield entitled "Nonconforming Buildings and Uses" provides, in part, as follows:
 1. Any building or use of land or building legally existing at the time of the adoption of these regulations or of any amendment thereof, which does not conform to the provisions of these regulations for the use and area requirements of the district in which it is located, shall be designated a nonconforming use.
 5. A nonconforming use may be continued, changed to a conforming use, or changed to a use which is less intensive in character than the present nonconforming use.
The zoning regulations of the Town of Litchfield do not prohibit the continuance of any legally established nonconforming use. The regulations are designed, however, to achieve one of the primary purposes of zoning which is "to confine certain classes of buildings and uses to certain localities." So far as a nonconforming use is inconsistent with this CT Page 11525 objective, the nonconforming use should, consistent with the property rights of the individuals affected and substantial justice, be reduced to conformity as quickly as possible. The general method of accomplishing this and is to prevent any increase in the nonconformity and eventually to lessen and do away with the nonconforming use. Beerwort v. Zoning Board of Appeals, 144 Conn. 731, 733; Helbig v. Zoning Commission, 185 Conn. 294,306.
"The principles governing interpretation of zoning regulations are well-settled. Promulgation of zoning regulations is a legislative process, although local in scope. Park Regional Corporation v. Town Plan and Zoning Commission, 144 Conn. 677, 682, 136 A.2d 785 (1987). We interpret an enactment to find the expressed intent of the legislative body from the language it used to manifest that intent. Harlow v. Planning Zoning Commission, 194 Conn. 187, 193-94, 479 A.2d 808 (1984). The words employed in zoning regulations are construed according to the commonly approved usage of the language. Fisher v. Zoning Board of Appeals, 143 Conn. 358, 361,122 A.2d 729 (1956).
"Whenever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant. Essex Leasing, Inc. v. Zoning Board of Appeals, 206 Conn. 595, 601, 539 A.2d 101
(1988). The regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible. Donohue v. Zoning Board of Appeals, 155 Conn. 550, 557, 235 A.2d 643 (1967). When more than one construction is possible, we adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results. Maciejewski v. West Hartford, 194 Conn. 139, 151-52,480 A.2d 519 (1984)." Planning and Zoning Commission v. Gilbert,208 Conn. 696, 705 (1988).
The practical construction placed over the years upon ambiguous language in legislation by those charged with its administration becomes weighty evidence of what the law is. Clark v. Town Council, 145 Conn. 476, 485.
Section 5, Article VI of the zoning regulations specifically provides that "a nonconforming use may be continued . . . or changed to a use which is less intensive in character than the present nonconforming use." This case is not concerned with the extension or expansion of a nonconforming use and therefore all cases related to solving that problem are not relevant to the issue in this case i.e. a proposed change in the use of the property. The planning and zoning commission of the town of Litchfield and the zoning board of appeals of the town of Litchfield have each concluded that the proposed use of 1600 square feet of the DiBlasi property for the purpose of renting and selling video tapes is (1) a change of use from the present CT Page 11526 use of the DiBlasi property as the site from which two construction companies conducts their business activities and (2) that the proposed nonconforming use would be less intensive in character than the present nonconforming use. That particular conclusion finds reasonable support in the record and should not be disturbed by the court.
Decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Upon appeal, the court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. Since the credibility of witnesses and the determination of factual issues are matters solely within the province of the administrative agency, the court must determine the correctness of the conclusions from the record on which they are based. That record includes knowledge acquired by board members through personal observation of the site. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49, 50; Goldfeld v. Planning and Zoning Commission, 3 Conn. App. 172, 178; Green v. Zoning Board of Appeals,4 Conn. App. 500, 502.
The court finds that the record supports the decision of the commission and the board that (1) the proposed use, i.e. renting and selling video tapes does in fact constitute a change of use from the present use i.e. the site from which two construction companies conduct their business activities and that (2) the proposed use is permitted because, in the opinion of the commission and the board, it constitutes a use which is less intensive in character than the present nonconforming use. The court may not substitute its judgment for that of the commission and the board. See, Oakwood Development Corporation v. Board of Appeals,206 Conn. App. 458.
As the appellate court pointed out in the Oakwood case at pages 461 and 462:
 On the basis of the record, including the board members' knowledge of the area, we cannot say that the board acted arbitrarily in determining, as a factual matter that the plaintiff's proposed use of the land would alter the essentially commercial and industrial character of the neighborhood. This was a question of fact committed to the zoning authority, and it is subject to judicial review for the limited purpose of determining whether the Board's decision was reasonably exercised and supported by the record.
The court finds that the record discloses that the Litchfield Zoning Board of Appeals did not act illegally, arbitrarily, or in abuse of the discretion vested in it in its decision sustaining the decision of the CT Page 11527 planning and zoning commission of the Town of Litchfield and hence the appeal of the plaintiff is dismissed and judgment rendered for the defendant.
PICKETT, J.