[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
STATEMENT OF APPEAL
This appeal is taken pursuant to General Statutes § 8-8
by the plaintiff, Mystic Oil Co., Inc, from the denial of its variance application by the defendant, the Waterford Zoning Board of Appeals (hereinafter "Board"). The Board, acting pursuant to General Statutes § 8-6, denied the plaintiff's application for variance of the following Waterford Zoning Regulations: Sections 8.1; 8.4.1; 8.4.2; 20.8b; 20.8c; 20.8d; and 20.17.
FACTS
On January 7, 1993, the plaintiff submitted an application to the Board, requesting a variance of the following sections of the Waterford Zoning Regulations: Sections 8.1; 8.4.1; 8.4.2; 20.8b; 20.8c; 20.8d; and 20.17. (ROR, Item 1: Application). In the application, concerning property located at 239 Boston Post Road, Waterford, Connecticut, the plaintiff requests a variance to establish a convenience store, construct a gas pump canopy, and make proposed site improvements. (ROR, Item 18: 3/23/93 Special Meeting Minutes of the Board). The proposed site improvements consist of the following: to remove a dwelling unit, to relocate the full pump island, to improve parking, to allow an entrance or exit from any street intersection, to allow a driveway, and for a front buffer. (ROR, Item 17: Transcript of 3/4/93 Hearing). The property is located in a General Commercial District. (ROR, Item 17: Transcript of 3/4/93 CT Page 4655 Hearing).
On March 4, 1993, the Board conducted a public hearing on the plaintiff's application. (ROR, Item 17: Transcript of 3/4/93 Hearing). On March 23, 1993, at a special meeting, the Board unanimously denied the plaintiff's variance application on the ground that no hardship exists. (ROR, Item 18: 3/23/93 Special Meeting Minutes of the Board). The plaintiff received notice of the Board's decision by letter dated March 26, 1993. (ROR, Item 20).
The plaintiff appeals from the denial of its variance application on the following bases: that the plaintiff proved legal hardship; that a reasonable use of property cannot be made under the regulations without the requested relief; that granting the requested relief would be consistent with the purpose and intent of Waterford's zoning regulations; that granting the requested relief would not endanger the public health, safety, convenience, welfare, and property values; and that the decision of the Board constitutes a taking in violation of the Connecticut Constitution, article first, § 9, and the fifth and fourteenth amendments to the United States Constitution. The plaintiff therefore argues that the Board's refusal to grant the variance is arbitrary, illegal, capricious, and in abuse of its discretion.
JURISDICTION
A decision by a zoning board of appeals may be appealed to the superior court in accordance with General Statutes § 8-8. [Caserta v. Zoning Board of Appeals], 226 Conn. 80, 90 n. 8,626 A.2d 744 (1993). "[A] statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . [Such] provisions are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) [Simko v. Zoning Board of Appeals],206 Conn. 374, 377, 538 A.2d 202 (1988); see [Capalbo v.Planning Zoning Board of Appeals], 208 Conn. 480, 485,547 A.2d 528 (1988) (strict compliance with General Statutes § 8-8(b) is needed to prevent dismissal).
Aggrievement
CT Page 4656
"[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." General Statutes § 8-8(b). Aggrievement is a jurisdictional matter that must be resolved prior to considering the merits of an appeal. [Winchester Woods Associates v. Planning Zoning Commission],219 Conn. 303, 307, 592 A.2d 953 (1991). Aggrievement is established by a "twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision. . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) Id.
At the hearing on February 7, 1994, the plaintiff presented deeds evidencing its ownership of the subject parcel. (Plaintiff's Exhibits 1 and 2). The court, Hurley, J., ruled that the plaintiff is aggrieved.
Timeliness
An appeal "shall be commenced . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." General Statutes § 8-8(b). The Board published its decision in [The Day] on March 30, 1993. (ROR, Item 19: Legal Notice of Decision).
In the present case, the sheriff's return indicates that the Waterford town clerk and the chairperson of the Board were served on April 14, 1993, within fifteen days of publication of the decision. Accordingly, the appeal is timely.
SCOPE OF REVIEW
"Local zoning boards are vested with a liberal discretion." (Citation omitted.) [Wnuk v. Zoning board ofAppeals], 225 Conn. 691, 695, 626 A.2d 698 (1993). "In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citations omitted; internal quotation marks omitted.) [Smith v. Zoning Board of Appeals], 227 Conn. 71, 80,629 A.2d 1089 (1993). "The burden of proof is on the CT Page 4657 plaintiff to demonstrate that the board acted improperly." [Spero v. Zoning Board of Appeals], 217 Conn. 435, 440,586 A.2d 590 (1991).
"`Courts are not to substitute their judgment for that of the board and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing.'" (Citation omitted.) [Iannucci v. Zoning Board of Appeals], 25 Conn. App. 85, 88-89,592 A.2d 970 (1991); see [Primerica v. Planning ZoningCommission], 211 Conn. 85, 96, 558 A.2d 646 (1989) (the court shall not retry the case). Where a zoning board of appeals has stated reasons for denying a variance, "a reviewing court may determine only whether the reasons given are supported by the record and are pertinent to the decision." (Citation omitted.) [Iannucci v. Zoning Board of Appeals], supra, 89; see [Green v. Zoning Board of Appeals], 4 Conn. App. 500, 502,495 A.2d 290 (1985).
DISCUSSION
The plaintiff argues that because it has demonstrated sufficient hardship, the Board's denial of the plaintiff's application for variance is unsupported by the record. The Board argues that the variance was properly denied because the plaintiff failed to show the existence of an unusual hardship.
"`A property owner may legally engage in a prohibited use under either of two dispensations. He may obtain a variance, or his use may qualify as a nonconformity.'" [Adolphson v.Zoning Board of Appeals], 205 Conn. 703, 710, 535 A.2d 799
(1988), quoting T. Tondro, Connecticut Land Use Regulation (1979) § III-E (4), p. 70. "A nonconformity is a use or structure prohibited by the zoning regulations but is permitted because of its existence at the time that the regulations are adopted." [Adolphson v. Zoning Board ofAppeals], supra, citing T. Tondro, supra. "On the other hand, a variance is a prohibited use or structure that is permitted by the board, pursuant to its authority under the regulations . . . [and] exists to permit what is prohibited in a particular zone." Id.
A zoning board "has wide discretion to grant variances." [Burlington v. Jencik], 168 Conn. 506, 509, 362 A.2d 1338
(1975). A zoning board of appeals may grant a variance in CT Page 4658 accordance with General Statutes § 8-6(3) if the following two conditions are satisfied: "(1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." [Adolphson v.Zoning Board of Appeals], supra, 709, citing [Whittaker v.Zoning Board of Appeals], 179 Conn. 650, 655, 427 A.2d 1346
(1980); [Smith v. Zoning Board of Appeals], 174 Conn. 323, 326,387 A.2d 542 (1978).
To constitute an unusual hardship, "[i]t is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." (Citations omitted.) [Smith v.Zoning Board of Appeals], supra, 327; see [Wnuk v. Zoning boardof Appeals], supra, 699 n. 11. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." (Citations omitted.) [Whittaker v. Zoning Board of Appeals], supra, 658.
The plaintiff contends that the purpose for obtaining the variance is to remedy an existing legal nonconformity, to make the present parcel safer, and to make the site work better. The plaintiff further contends that its hardship arose directly from the enactment of setback requirements contained in the Waterford Zoning Regulations. The Board contends that because the plaintiff's purpose for obtaining the variance is solely for an economic benefit, the plaintiff has failed to demonstrate the existence of an unusual hardship.
"[A] self-inflicted hardship cannot be a proper ground for a variance." [Eagan v. Zoning Board of Appeals], 20 Conn. App. 561,564, 568 A.2d 811 (1990), citing [Pollard v. ZoningBoard of Appeals], 186 Conn. 32, 39, 438 A.2d 1186 (1982). "`[W]here the claimed hardship arises from the applicant's voluntary act, a zoning board lacks power to grant a variance.'" [Johnny Cake, Inc. v. Zoning Board of Appeals],180 Conn. 296, 300, 429 A.2d 883 (1980), quoting [Abel v. ZoningBoard of Appeals], 172 Conn. 286, 289, 374 A.2d 227 (1977). "But if the hardship is created by the enactment of a zoning CT Page 4659 ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance. . . . Otherwise the zoning ordinance could be unjust and confiscatory." (Citation omitted.) [Johnny Cake,Inc. v. Zoning Board of Appeals], supra, 300-01.
Variances are not granted "merely because the [zoning] regulations hinder landowners and entrepreneurs from putting their property to a more profitable use." (Citation omitted.) [Dolan v. Zoning Board of Appeals], 156 Conn. 426, 431,242 A.2d 713 (1968).
In opposition to the plaintiff's application for variance, a representative of an adjacent landowner testified that no evidence of hardship was presented to the Board.
 Again, it's implicit that it's the responsibility of the applicant to prove hardship to the Board. . . . I have heard absolutely no discussion of hardship at this point. We've discussed grading, we've discussed drainage, traffic circulation, we've discussed screening, state requirements and a number of other things. To this point, in my opinion, the applicant does not have a valid hardship.
(ROR, Item 17: Transcript of 3/4/93 Hearing, pp. 20-21). The record contains further testimony on behalf of an adjacent land owner that opposition to the plaintiff's application for variance "is based upon issues relative to economic and self created hardships. . . ." (ROR, Item 17: Transcript of 3/4/93 Hearing, p. 21).
The record contains no evidence which would show that adherence to the strict letter of the zoning ordinance would cause unusual hardship to the plaintiff. Moreover, testimony presented by the plaintiff demonstrates that the variance will only "make this site work better than it does now. . . ." (ROR, Item 17: Transcript of 3/4/93 Hearing, p. 9). The court finds that because the record contains no evidence of hardship other than economic motive for obtaining the variance in order to "make this site work better," the record supports the Board's reason for denying the plaintiff's application for variance. The court, therefore, finds that the plaintiff has CT Page 4660 not met its burden of demonstrating that the reason given by the Board is unsupported by the record.
The plaintiff cites case law to support its argument that because of the unique characteristics and configuration of the property, denying the proposed variances is tantamount to a virtual confiscation of its property. See [Chevron Oil Co. v.Zoning Board of Appeals], 170 Conn. 146, 365 A.2d 387 (1976). "[T]he plaintiff is not entitled to judicial review of the merits of [its] regulatory takings claim until [it] has met the requirement of establishing the finality of the agency determination." (Citations omitted.) [Gil v. Inland Wetlands Watercourses Agency], 219 Conn. 404, 415, 593 A.2d 1368 (1991). Without such a final determination, "the reviewing court lacks jurisdiction to rule on a taking claim." [Port ClintonAssociates v. Board of Selectmen], 217 Conn. 588, 604,587 A.2d 126 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 64,116 L.Ed.2d 39 (1991).
"To demonstrate the requisite finality, a property owner asserting a regulatory takings claim bears the burden of proving that the relevant government entity will not allow [any] reasonable alternative use of his property." (Emphasis in original.) [Gil v. Inland Wetlands Watercourses Agency], supra, citing [Huck v. Inland Wetlands Watercourses Agency],203 Conn. 525, 553, 525 A.2d 940 (1987); see [Cioffoletti v.Planning Zoning Commission], 220 Conn. 362, 371, 599 A.2d 9
(1991). The record does not support a finding that the denial of the plaintiff's application for variance site was a final determination by the Board in connection with the plaintiff's taking claim.
The plaintiff has not met its burden of establishing the finality of the Board's determination in connection with its taking claim. This court lacks jurisdiction to rule on the merits of the plaintiff's taking claim.
CONCLUSION
For the foregoing reasons, the court finds that the plaintiff has failed to demonstrate that the Board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in finding that no hardship exists and denying the plaintiff's application for variance. Therefore the plaintiff's appeal is dismissed. CT Page 4661
Hurley, J.